### BEATTY vs. WRIGHT'S ESTATE.

Western Dis.
October 1828.

APPEAL from the probate court of the parish of Rapides.

*If a creditor's claim depends on a condition precedent, he has no right to interfere with the proceedings of the other creditors in relation to the sale of the estate. No examination of the merits of a case can take place until issue be joined.*

PORTER, J. delivered the opinion of the court. The plaintiff presented a claim against the succession of the deceased, in the court of probates, and prayed that the property mortgaged to secure it, might be sold for cash. Previous to the decease of the intestate, she had commenced an action against him in the district court for that portion of her debt which was then due.

The estate being considerably indebted, a meeting of the creditors was called. At this meeting the plaintiff presented her claim, and it does not appear that any objection was made to it. She required that the property mortgaged should be sold for cash. The other creditors opposed it. On the proceedings being returned into the court of probates, the judge homologated them except in relation to the demand of the petitioner, which he continued for further consideration.

When the case went into court, the creditors presented a written opposition to the claim of the petitioner. They averred that nothing

Western Dis,
October 1828,

BEATTY
vs,
WRIGHT'S
ESTATE.

was due to her. That the intestate bought the land which formed the consideration of the notes held by her on a condition precedent, to be performed by the vendor, before payment could be demanded by him, and they averred, this condition had not yet been complied with. They concluded, by praying a stay of all proceedings in the court of probates until the suit pending in the district court was decided.

The judge would not permit this opposition to be filed, being of opinion that the matters in controversy should be investigated solely on the petition for the homologation of the proceedings. To this opinion the creditors excepted.

The homologation here alluded to, we presume was the final one, when the tableau of distribution should be filed. But we think the court erred, for if nothing was due the petitioner until certain things were performed by her, then she had not the right to interfere in the manner the creditors were about to sell the property.

Notwithstanding the rejection of the opposition, the court received evidence in support of the petitioners' claim, and it has been urged in this court, that there is sufficient proof to

enable us to act definitively on the case. But the creditors relying on their right to present their opposition, which was refused them, may not have adduced the evidence in their power; and even admitting they had, the court could not have given judgment. No issue was joined and there was nothing te try. The *contestatio litis* in the language of the code of practice is the foundation of the suit. The Spanish law considered it the *raiz piedra angular, y fundamento del juicio,* and that no judgment was valid in which it was omitted. *Curia Phillip. p.* 1, § 14, *nos.* 1, & 4, *Par.* 3, *tit.* 10, *L* 8. *Code of Prac.* 359.

It has been contended that the prayer in the answer, for the proceedings to be stayed in the court of probates, until the suit pending in the district court, should be decided, was unsupported by law. It certainly was so, but the error did not authorise the court below to reject the answer. The right of parties to present their complaints or defence in a court of justice, cannot be tested by the unreasonableness of their demands. They must be received, before they can be pronounced on.

It is therefore ordered, adjudged and de-

Western Dis,
October,1828.

BEATTY
vs.
WRIGHT'S
ESTATE.

BEATTY
*vs.*
WRIGHT'S
ESTATE.

creed, that the judgment of the court of probates be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that the case be remanded to the court of probates with direction to the judge not to reject the opposition of the creditors, to the claim of the petitioner, and it is further ordered that the appellee pay the costs of this appeal.

*Scott* for the plaintiff—*Johnston* for the defendant.