YARBOROUGH
*vs.*
PALMER.

## YARBOROUGH *vs.* PALMER.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE
JUDGE OF THE EIGHTH PRESIDING.

ON A REHEARING.

In a possessory action, a plea in reconvention involving title, will be
disregarded; but the right of the defendant in such cases, to attack the
title of the plaintiff in a direct action, will be reserved.

This case came before the Supreme Court, then sitting at
Baton Rouge, at August term, 1834. It is a possessory
action, in which the court refused to act on a plea in recon-
vention, set up in the answer of the defendant, and involving
the question of title to the premises in controversy. The
court, in the opinion herein pronounced, reviewed their
former decision. *See the case reported in* 7 *La. Rep.,* 153.

*Andrews,* for the plaintiff.

*Boyle* and *Turner, contra.*

*Mathews, J.,* delivered the opinion of the court.

This case was decided at the August term of the court,
held at Baton Rouge, in 1834, and is now before us on a
rehearing. In the decision rendered, we considered the
action as exclusively possessory, and gave judgment in favor
of the possessor, Yarborough, who had held the property in
dispute, peaceably, and under color of title, for more than
one year previous to the institution of the present suit.

This view of the cause was taken notwithstanding a plea in
reconvention, which had a direct tendency to bring into
litigation the title of the plaintiff, who had been in possession
a length of time sufficient to support his possessory action.
In the judgment then rendered, we reserved the right of the
defendant to litigate as to title by a direct action. The suit

in reconvention was not in so many words ordered to be dismissed, but the reservations of the defendant's right to attack the title of the plaintiff in a direct action, virtually abolished all the proceedings in the case which involved questions as to title.

We think the judgment pronounced, as above stated, was correct.  It is, therefore, ordered, that it remain undisturbed.