**PERRET & GALLY *vs.* KEILL ET AL.; NICOLET'S EXECUTORS,
GARNISHEES.**

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Without an answer filed, or judgment by default, no reference, or order of
submission to arbitrators, can be made in a cause; and such a submis-
sion may be assigned as error.

Where there is no *contestatio litis*, or judgment by default, all the subse-
quent proceedings are irregular and void.

This suit commenced by attachment. The plaintiffs
allege that they purchased, and shipped, by agreement, a large
quantity of cotton to the defendants: one-third to their
house in Liverpool, trading under the firm of Keill & Cou-
rant; one-third to the house of F. Courant & Co., in Havre;
and one-third on their own account; and drew bills on said
shipment, which the defendants were to accept and pay;

27    VOL. XV.

EASTERN DIST.
*April,* 1840.

ERR ET & GALLY
*vs.*
KEILL ET AL.

but which were refused acceptance, and protested for non-payment. The plaintiffs further allege, that there is considerable loss on said cotton, and that the defendants are bound for two-thirds thereof : at least fifteen thousand dollars. They pray judgment for said sum, or such other and larger one as may be found due ; and that property of the defendants, in the hands of Theodore Nicolet, and of Livaudais, Charbonnet & Co., may be attached to satisfy said judgment.

An attorney was appointed to the absent defendants, and the attachment discontinued as to F. Courant & Co. The attorney was allowed six months to correspond with, and file the answer of the defendants. In the mean time, the plaintiffs' counsel obtained an order referring the case to auditors, to make up and state an account and balance, and report the same to court. The auditors reported a balance of nine thousand seven hundred and eighty-three dollars due to the plaintiffs, which report, on motion, and giving the usual notice, was homologated without opposition, and made the judgment of the court.

There was no answer in, or judgment by default. The plaintiffs now took a rule on the executors of Nicolet, cited as garnishees, to show cause why they should not pay the amount of plaintiff's judgment against the defendants, from the funds attached in their hands. The rule was made absolute, and the defendants, Keill & Courant, appealed.

*Eustis,* for the appellants, assigned for error the following grounds :

1. There is no cause of action set forth in the plaintiffs' petition.

2. After the discontinuance of the attachment as to Francis Courant & Co., no further proceedings could be lawfully had in the suit, for want of proper parties. See the case of the Mayor of New-Orleans *vs.* Ripley & others, 5 *Louisiana Reports,* 120 ; *Louisiana Code, article* 2080, *et seq.*

3. The parties to the contract declared on, other than the defendants, ought to have been represented under an appointment by the court : *Louisiana Code,* 3522 ; *Code of Practice,* 116, and *art. cit.*

4. Neither the reference to arbitrators or auditors, nor the award, embraced the subject matter of the plaintiffs' demand.

5. No answer was filed in behalf of the defendants, and no judgment by default was taken against them; no reference or arbitration could be had in the cause, until issue joined between the parties.

6. The judgment rendered in the award is illegal, both in form and substance, for causes apparent therein, and the proceedings had touching the same.

For these, and other causes apparent on the record, the appellents pray that the judgment appealed from may be reversed.

*Lockett*, for the plaintiff, insisted on the affirmance of the judgment.

*Morphy, J.*, delivered the opinion of the court.

This suit commenced by attachment. The petitioners state that pursuant to previous arrangements, they purchased and shipped for Europe a large quantity of cotton : one-third for account of Keill & Courant, a mercantile firm trading in Liverpool ; one-third for account of Francis Courant & Co., trading in Havre ; and one-third for their own account. That by agreement among the parties, they were to draw bills of exchange against said shipments, upon the aforesaid firms, who were to accept and pay the same ; that they did accordingly draw on said firms for the price of the cotton they forwarded to them, but that on the presentation of said bills, the firms of Keill & Courant, and F. Courant & Co., refused to accept them, and said that they would not pay their amount at maturity, although said firms had received said shipments of cotton. The petitioners further aver, that from all the information they have received, they verily believe there is or will be a loss on said cotton of fifty thousand dollars, or thereabouts ; and that for two-thirds of said sum, the firms aforesaid are bound and liable to them. An attorney was appointed to represent the absent defendants, who does not appear to have filed any answer to the plaintiffs' petition. Notwith-

EASTERN DIST.
*April,* 1840.

PERRET & GALLY
*vs.*
KEILL ET AL.

standing this, the petitioners proceeded to have auditors appointed, on the ground that there were long and intricate accounts between the parties to be investigated. Four days after taking their oath, we find the auditors reporting the accounts submitted to them by plaintiffs, as correct, and conformable to commercial rules, and stating that they believe, *to the best of their knowledge,* that the sum of nine thousand seven hundred and eighty-three dollars and seventy-eight cents (the balance of the accounts current presented by plaintiffs,) is due them by Keill & Courant. As to F. Courant & Co., the attachment appears to have been discontinued by the plaintiffs, before the reference to auditors had been ordered. No opposition having been made to this report, it was homologated; and on a rule taken on the garnishees, the latter were decreed to pay over to plaintiffs the funds attached in their hands, to an amount sufficient to satisfy their claim. It is from both these decrees that the present appeal has been taken. The loose and irregular manner in which all these proceedings have been carried on, has enabled the appellants to place their case before us on a long assignment of error, apparent on the face of the record.

Without an answer filed, or judgment by default, no reference, or order of submission to arbitrators can be made in a cause; and such a submission may be assigned as error.

We shall not notice all the grounds assumed, although several appear to us well founded, because the view we have taken of one, renders this unnecessary. It is assigned, that no answer having been filed, no reference or arbitration could be had in the cause. This we think is fatal. Without a *contestatio litis,* in a judgment by default, all subsequent proceedings must be considered as irregular and void. The

Where there is no *contestatio litis,* or judgment by default, all the subsequent proceedings are irregular and void.

petition itself is so vague and insufficient, in setting forth the indebtedness of the defendants, that it might with propriety have been dismissed; but as on a new trial it might be amended, we have thought it best to remand the case for further proceedings.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court appealed from be annulled, avoided and reversed; and that this case be remanded to said court, to be proceeded in according to law; the plaintiffs and appellees paying the costs of this appeal.