## SCHNAUFER *v.* SCHNAUFER.

Where in an action for a seperation from bed and board, instituted by the husband, a curator *ad hoc* was appointed to represent the wife, who was an absentee, but the case was tried without any issue joined, or judgment by default regularly taken, judgment cannot be rendered for the plaintiff.

SCHNAUFER
v.
SCHNAUFER.

APPEAL from the First District Court of New Orleans, *McHenry*, J.   *W. S. Upton*, for the appellant.   *Emerson*, for the defendant.   The judgment of the court was pronounced by

EUSTIS, C. J.   This is an action by the plaintiff for a seperation from bed and board from the defendant, his wife, on account of voluntary abandonment and adultery on her part.   The parties are alleged to have been married in Germany, in 1819, and the plaintiff alleges that he had acquired a domicil in New Orleans.   A curator was appointed to represent the defendant, who it is not charged was ever in the State, and whose place of abode is in New York, where she was left by her husband, in 1837.   The plaintiff was non-suited, after evidence being heard, in the District court, and he has appealed.   The case has been submitted by the counsel appointed to represent the defendant, without argument.

The cause was tried without any answer having been filed by the representative of the defendant.   Under these circumstances, we do not feel ourselves at liberty to relieve the plaintiff.   He had no right to try a cause against an absentee, without issue joined, or a judgment by default regularly taken.   He must abide by the result however irregular the proceedings have been.   *Kincaid* v. *Higgins*, 7 Bibb's Rep. 396.

The judgment of the District court cannot be affirmed, but the appeal can be dismissed; and it is accordingly dismissed, at the costs of the appellant.