SUCCESSION OF E. L. WHITTEN—A. L. JOHNSON, Tutor, et als. Appellants.

Where the succession is not accepted purely and simply by the heirs, its liability to them can not be
   adjudged without its being legally represented in the suit. If accepted purely and simply, such
   liability to the heirs would be extinguished by confusion.
A defendant can not be bound by a judgment where no judgment by default was rendered and no
   issue joined.

APPEAL from the District Court of the parish of East Baton Rouge, *Burk*, J.
   *E. T. Merrick*, for plaintiff. *C. Ratliff*, for opponent and appellant.
*J. W. Seymour*, Attorney *ad hoc.*

VOORHIES, J. (SLIDELL, C. J., absent.) *Elisha L. Whitten* died without
issue, leaving his mother, *Cassandra Whitten*, and his collateral kindred as his
legal heirs, and *Martha Chaney* as his surviving spouse.

On the 27th of April, 1841, *Cassandra Whitten* as administratrix of his
estate, filed an account of her administration, showing that the proceeds of the
assets amounted to the sum of $11,220 18, and the debts and charges to
$9,492 74, leaving a balance of $1,727 44, for distribution among the heirs,

SUCCESSION OF
WHITTEN.

defendant, as stated by her, on the collection of the notes given by the pur-
chasers at the probate sale of the property of the estate.

*Martha Chaney*, the surviving spouse, and *Melessa C. Whitten*, one of the
heirs, opposed the correctness of the account, the former alleging besides, that
some of the debts charged were contracted previous to the marriage and hence
were not chargeable to the community. During the pendency of the opposi-
tion, *Cassandra Whitten* died and *Bailey D. Chaney* was appointed administra-
tor of the estate. In 1848, a judgment was rendered by the District Court,
homologating the account. It was, on appeal to the Supreme Court, reversed
and the cause remanded to make proper parties.

On the 3d of July, 1849, *Melessa C. Whitten* filed a petition, alleging that
the administrator had failed and neglected to have the legal notices given of
the filing of the account, and prays that he should be ruled to show cause why
the same should not be done within the time prescribed by law. The names
and places of residence of the heirs are set forth in her petition, and also that
of the surviving spouse, in which she concludes with a prayer, that all the
parties interested be legally cited, and that a partition be made among them
according to law, and the opposition previously made to the account sustained,
&c. *Bailey D. Chaney*, filed an answer, admitting his appointment as admin-
istrator of the estate of *Elisha L. Whitten*, deceased, but denying that any
part of the funds thereof had ever come into his hands. He averred that he
had instituted a suit against *William Kelly*, for the recovery of the price of a
negro, but was defeated. That he was not aware of the existence of any other
property, except a small tract of land, the value of which would not defray
the expenses necessary to effect its sale. The heirs also filed answers, some of
whom adopted the opposition of *Melessa C. Whitten* to the administratrix's
account, and denied the solvency of the community. On the 11th of January,
1850, *B. D. Chaney* filed a supplemental answer, in which he alleged that all
the property administered upon by *Cassandra Whitten*, was the separate pro-
perty of *Elisha L. Whitten*, the acquets and gains having been absorbed by
the debts of the community; hence the surviving spouse had no interest in the
estate. That as all the heirs of *Cassandra* were also the heirs of *Elisha*, what-
ever claims existed in favor of one estate against the other, were extinguished
by confusion. That the children of *Cassandra N. Whitten*, one of the heirs of
*Elisha*, had received $600 of the administratrix, whose estate had been sold
and partitioned among her heirs. On the 17th of July, 1851, *Bailey D.
Chaney*, filed a petition, or plea, in which he claimed as administrator of the
estate of *James J. Chaney*, deceased, all the right, title, and interest of *Martha
Wells*, arising out of the estate, as surviving spouse of *Elisha L. Whitten*, by
virtue of a forced alienation under an execution issued on a judgment against
her in favor of said estate. As it does not appear that this plea was ever noti-
fied or issue joined on it by the proper parties, it is deemed unnecessary to
notice it any farther. Upon these issues, the cause was tried by the District
Court, and from the judgment thereon rendered this appeal was granted to the
opposers.

The opposition to the account filed by *Cassandra Whitten* as administratrix,
is the only matter involved in litigation. It does not appear from the record,
that *B. D. Chaney* ever received as administrator, any part of the funds or
effects therein specified, or that he ever filed any account of his administration.

Considered in any point of view, it is obvious that the opposition of the

heirs is not maintainable. If the succession of *Cassandra Whitten*, be considered as not accepted purely and simply by them, how can its liability be adjudged without its being legally represented in this suit? If accepted purely and simply, it is clear that such liability would become extinguished by confusion.

In relation to the claim of the surviving spouse, it is clear that the judgment homologating the account of the administratrix cannot affect her rights. As already seen, after the cause was remanded by the judgment of the Supreme Court, the proceedings were changed, and she was cited as one of the defendands to an action of partition among the heirs, but it does not appear that she ever joined issue, or that a judgment by default was ever taken against her.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs in both courts, without prejudice to the right of *Martha Chaney*, wife of *Samuel Wells*, to proceed against the legal representative of the estate of *Cassandra Whitten*, deceased, and legal heirs of said *Elisha L. Whitten*, to enforce whatever claim she may be entitled to in the succession of the latter as surviving partner of the community.