No. 3689.

DELPHINE ST. AMAND, F. A. LULING, Subrogated, *v.* D. A. LONG.

Article 55 Code of Practice, forbids the cumulation of petitory and possessory actions, except by consent of parties.

In a possessory action title is not at issue, and judgment should not be given on the titles of the parties.

The prayer of a petition characterizes it, and when the action it institutes is possessory, the defendant can not change it into a petitory one, and reconvene by setting up title.

Where there is no answer to an amended petition, nor default taken, especially if the amendment be one of substance and not one of form, all subsequent proceedings are irregular and will be set aside. The *contestatio litis*, which is the very foundation of a suit, did not exist.

APPEAL from the Fourth Judicial District Court, parish of St. Charles. *R. Bauvais, J. W O. Denegre, R. King Cutler, Bradford, Legendre & Co.,* for plaintiff and appellee. *E. Filleul* and *James D. Augustin,* for defendant and appellant.

Justices concurring, Ludeling, Taliaferro, Howell, Morgan.

TALIAFERRO, J. The defendant appeals from a judgment rendered against him decreeing the plaintiff to be the owner of certain lands

claimed by the latter, and which are in the possession of the defendant. He alleges that the judgment is null and without any binding force through the irregularity and illegality of the proceedings upon which it is founded.

The facts presented are, that on the twenty-fourth of September, 1859, Delphine St. Amand, widow of F. Mayronne and tutrix of her minor child, filed a suit against D. A. Long the defendant, and Philemon Boutte, alleging that they are trespassing upon her lands by cutting wood thereon, a large quantity of which they had in readiness to remove from the land by transportation of the same to market over the New Orleans, Opelousas and Great Western Railroad. She prayed for and obtained a writ of sequestration to prevent the removal of the wood, and writs of injunction against the defendants and the railroad company, restraining the defendant from further trespassing on the premises, and inhibiting both the company and the defendant from removing the wood. She prayed to be quieted in the possession of the lands trespassed upon, and for judgment against the defendant for one thousand dollars damages. To this suit the defendant answered by general denial. This suit is numbered four hundred and nine on the docket of the district court, and is clearly a possessory action in which damages are claimed for disturbance of possession and for trespass. On the sixth of December, 1859, the same plaintiff filed a supplemental petition in which she set forth an error in the original plot of survey of the township in which the lands trespassed upon are situated, and by which these lands were erroneously represented as lying in section one hundred and three. The supplemental petition gives their true location according to the corrected township plot of survey. Service of this suplemental petition was made upon both the defendants, but no answer was ever filed and no judgment by default taken. On the third January, 1860, the same plaintiff brought a petitory action against Long alone for the same lands, alleging trespass as in the former suit, and prayed judgment on her titles decreeing her to be the owner of the lands. This suit on the docket of the district court is numbered four hundred and fourteen. Service of this petition was made on the defendant but no answer was filed, nor was a judgment by default taken. On the tenth of April, 1861, after the death of Mrs. St. Amand, the original plaintiff, her heirs filed a supplemental petition praying to be made parties to the original suit, that they may be allowed to carry on the same in their own name, and that they be decreed owners of the premises, etc. Both defendants were made parties and service was made on both; but, as in the previous cases, no answer was made and no default taken. The case remained in *statu quo* until the fifth September, 1870. During the intervening period of more than nine years the lands in controversy were sold under execu-

tion at the suit of creditors of the heirs of Mrs. St. Amand, and F. A. Luling became the purchaser. He renewed the suit in his own name at the date last mentioned against Long alone, praying to be decreed owner and for damages, etc. Service of this petition and the accompanying citation was made on one Lawless as the agent of Long. To this proceeding Long excepted on the ground of want of citation. He denied that Lawless was authorized to receive citation, and averred that the defendant was in no manner bound by the service made upon Lawless. On the eighth of April, 1871, final judgment was rendered in favor of Luling against Long, decreeing Luling to be owner of the lands in contestation, and rejecting the plaintiff's prayer for damages. There has been an effort to blend this action brought by Luling with the case number four hundred and nine, the possessory action, in which Long and Boutte answered, but without effect.

It is clear there was no issue joined either in the petitory action brought by Mrs. Amand and continued by her heirs, or in that instituted by Luling in his own name. The first suit was a possessory action against Long and Boutte, alleging disturbance of possession and asserting a claim for damages, and praying to be quieted in her possession. The number of the suit is 409. The suit No. 414 is distinctly a petitory action describing additional tracts of land not mentioned in the possessory action and claiming a much larger sum as damages, and is brought against Long alone. The supplemental petition which sought to change the nature of the original action by claiming title, and converting the possessory into a petitory action, was never put at issue either by exception, answer or judgment by default. Article 55, Code of Practice, forbids the cumulation of petitory and possessory actions except by consent of parties. In a possessory action title is not at issue, and judgment should not be given on the titles of the parties; 4 M. 626, 5 M. 685; and the prayer of the petition characterizes it, and de endant can not change it into a petitory one; 16 La. 44, 7 Rob. 109; and even defendant can not reconvene by setting up title; 7 N. S. 488, 10 La. 140. When there is no answer to an amended petition, nor default taken, especially if the amendment be one of substance and not of form, all subsequent proceedings are irreg · ular and will be set aside. 1 M. 206; 8 N. S. 298; 2 La. 130; 4 La. 13. "If there be no answer nor default, there is no *contestatio litis*, which is the very foundation of the suit; all subsequent proceedings are irregular and will be set aside and the cause remanded, or the appeal dismissed. 5 N. S. 515; 15 La. 209; 2 An. 352; 9 An. 417; 18 An. 187."

As there was no *contestatio litis* in this case it follows that the judgment rendered can have no force or validity. The exception to the service of citation upon Lawless in Luling's suit against the defendant Long,

was well taken. No authority of any kind in Lawless as Long's agent is shown. 16 La. 570; 10 La. 592; 19 An. 360

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled and reversed. It is further ordered that this case be remanded to the lower court to be proceeded with according to law, the plaintiff and appellee paying costs of this appeal.