Concurring Opinion.
The opinion of the Court was delivered by
Fenner, J.
I fully concur in the opinion just read, and deem the reasons given therein ample and conclusive. As, however, the question of prescription is important, and a different view is urgently and vigorously insisted upon by some members of the Court, I venture to give the order of my own thoughts in my own language.
It is the general rule of our law that interruptions of prescription, by acknowledgment of a debt, or promise to pay it, may be proved by parol.
Prior to 1858, this general rule was subject to no exceptions.
*226 In that year a statute was passed, establishing certain exceptions to that rule, which statute is now embodied in Article 2278, C. C. Amongst other exceptions that statute provided, that “parol evidence shall not be received to prove any acknowledgment or promise of a party deceased to pay any debt, in order to take such debt out of prescription.”
Had the Article stopped here, the analogy between its provisions and those of Articles 2275 and 2440, relative to the proof of title to immovable property, would have been complete, and the decisions of this Court, holding that agency in matters affecting such titles must be in writing, would have been applicable.
' But the Article does not stoqi here. It proceeds to fix and define the kind of evidence by which such acknowledgment may be proved, to-wit: “By written evidence, signed (either) by the party, or by his specially authorized agent or attorney in fact.”
Under familiar rules of construction, negations are controlled by affirmations, and general provisions cannot derogate from special ones. The first general negative clause of the statute is, therefore, entirely limited and controlled by the final affirmative and special description of the kind of evidence which shall bo received in proof.
When a party, seeking to prove the acknowledgment of a party deceased, presents “ ■written evidence, signed l>3r his specially authorized agent or attorney in fact,” he is as much within the letter of the statute as if he presented similar “written evidence signed by the party.” In either case, he must prove that the document is what it purports to be. If it purports to be signed by the party, it nmst be proved that it was so signed. If it purports to be signed by his duly authorized agent, it must be proved to have been so signed.
The only “ ‘written evidence” referred to, or required by, the statute, is “ written evidence,” which is equally good, -whether signed by the party or by his duly authorized agent. To say that the mandate to the agent is embraced within the requirement of such “ ‘written evidence,” involves the holding that such mandate may be signed either by the party or by the agent himself.
We are utterly unable to discover in this statute any restriction of, or exception to, the general rule of our law, that mandates of this character may be made and proved without writing, or any warrant for holding that acts done under a verbal mandate, perfectly valid, and evidenced by written proof in litoral conformity with the requirements of the statute, can be robbed of their legal effect by judicial interpolation of rules of evidence not expressed in the statute and contrary to the general law.
Generalizations as to the object of the law and as to dangers of its *227 evasion under our interpretation are entitled to no weight whatever. Possibly the law-maker might have adopted a law more stringent than this law is, under our construction of it, or even under the construction placed on it by the minority of the Court.
It is sufficient for us to say that he has not done so. We obey the legislative will as we find it clearly expressed in the statute.

Quoties in verbis nulla est ambiguitas, ibi nulla ex/positio contra verba fienda est.

I find but one authority in our own reports that seems to me to have any bearing on the case, and that a doubtful one. In proof of default by a “ demand in writing,” under Article 1905, C. C. (Rev. 1911) this Court held, that where such demand in writing was made by an agent, parol evidence was admissible to prove the agency. Laville vs. Rightor, 17 La. 303.
B it this is essentially a statute of frauds, and it is perfectly settled, that under the statutes of frauds prevailing in England and our sister States, -where the statute requires written evidence signed by the party or by his duly authorized agent, it is not necessary that the agent’s authority should be in writing, except in cases where the statute expressly so requires. 1st Greenleaf Ev., §§ 267, 268, 269, and authorities there quoted.
I see no reason why this Court should adopt a different rule.
The original English statute of frauds, 29 Car. II. C. 3, in its 4th section, prohibits proof of certain agreements, “unless the agreement shall be in writing signed by the party to be charged, or some person by him thereunto lawfully authorized.” As heretofore indicated, it has been universally held, in England and our sister States, that the agent’s authority need not be in writing. 3 Parson’s Equit. p. 12; 2 Kent Com. p. 663.
Considering our close connection with commonwealths which have long lived under this statute, and considering the exact equivalency of the language employed in our act, I think it a fair inference that this language was employed under the full expectation that it would receive the same interpretation which had been given to like language in the familiar jurisprudence referred to.