No. 2457.

Second Circuit.

## MOORE v. DAY BUILDERS SUPPLY COMPANY, ET AL.

(February 8, 1926, Opinion and Decree)

(April 10, 1926.   Rehearing Refused.)

(Original  Opinion  May  Be  Found  in 3 La. App. 575 (herein).

*(Syllabus by the Editor.)*

(ON  APPLICATION  FOR  REHEARING.)

1. **Louisiana  Digest—Trial—Par.  1.**

Where a petition was amended, and this amendment served on defendant, if no default was entered and no answer thereto filed, it was error to proceed with the trial without issue joined on this amendment.

2. **Louisiana  Digest — Appeal — Par.  726, 727.**

Where issue was not joined on an amended petition an appeal will be remanded for the purpose of joining issue before trial.

Appeal from the City Court of Alexandria Ward, Rapides Parish, Louisiana, Hon. J. B. Nachman, Judge.

Action by Mrs. Anna C. Moore against Day Builders Supply Company.

There was judgment for plaintiff and defendant appealed.

Case remanded.

T. F. Hunter, of Alexandria, attorney for plaintiff, appellee.

Hakenyos, Scott and Provosty, of Alexandria, attorneys for defendant, appellant.

ODOM,  J.   In  our  opinion,  remanding this case we stated:

"Under the circumstances we think the amended petition cannot be totally disregarded."

Learned counsel for defendant Day Builders Supply Co., Inc., in an able and forceful brief, insisted that in giving effect to the amendment we have held that the amendment was in fact allowed or permitted by the Judge of the City Court, and they renew and further urge the point that in the absence of a formal order by the City Judge allowing the amendment it cannot be considered.

On  further  consideration  we  have reached the conclusion that there was in fact an allowance of the amendment by the City Judge.

When the amendment was presented to him, he marked thereon:

"Filed February 5, 1925.  J. B. Nachman, City Judge."

Immediately following this filing, and on the same day, he issued the following order, to-wit:

STATE  OF  LOUISIANA—PARISH  OF RAPIDES.

City Court, Alexandria Ward.

No. 5606.

Mrs. Alvin N. Moore v. City of Alexandria and Day Builders Supply Company, Inc.

To Day Builders Supply Co., Inc., Alexandria, La.:

You are hereby cited to appear before me, at my office in the city of Alexandria, parish aforesaid, within ten (10) days from service of this citation on you, at 10 o'clock a. m., to answer the demand of plaintiff in a supplementary petition, a copy of which is hereto attached.

Herein fail not, or judgment will be rendered against you, with interest and costs.

Given under my hand, at my office, in the city of Alexandria, La., on this 5th day of February, 1925.

(Signed.)          J. B. NACHMAN,

City Judge.

This order was placed in the hands of the marshal and on the following day it was served by him on the defendant Day Builders Supply Company, Inc., as shown by his return thereon.

It is perfectly evident, therefore, that the City Judge allowed the amendment. It

may reasonably be argued that the mere filing of the amendment by the City Judge does not indicate that he intended to allow it; but his order for the service thereof shows unmistakably that he did allow or permit it. If he had intended to refuse to allow the amendment he would not have ordered it served as he did.

The questions as to whether the amendment which was offered was one which should, under the law, have been allowed, or whether it came too late, are not raised and we express no opinion as to them. The only point raised is, that the amendment was not in fact allowed by the City Judge. We think it was.

Amendments, even after issue joined, are permissible within the discretion of the court.

Code of Practice, 419.
Benoit vs. Hebert, 1 La. 612.
Spencer vs. Conrad, 9 Rob. 79.
McCubbin vs. Hastings, 27 La. Ann. 715.

And leave of the court is necessary.

Tullos vs. Lane, 45 La. Ann. 333, 12 South 508.

We ordered the case remanded for the reason that there was no issue joined on the amendment. It was served, but no default thereon was entered and no answer thereto filed.

It was error to proceed with the trial without issue joined on the amendment.

Brown vs. Brown, 21 La. Ann. 461.
Allain vs. Preston, 2 La. 392.
Knight vs. Knight, 12 La. Ann. 60.
Caldwell vs. Fales, 2 La. 130.
Hughes vs. Hanson, 8 Mar. (N. S.) 338.

If it be contended that the Judge erred in allowing the amendment, defendant can preserve its rights by excepting to the ruling of the Judge, and thereby have his ruling reviewed by this court.

Rehearing refused.