No. 2273.

Second Circuit.

---

PARKER v. BAKER GASOLINE COMPANY, INC.

---

(April 10, 1926.  Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Pleading—Par. 81.**

The question of the right to amend a petition prior to the appearance of the defendant, by way either of exception or answer, is left entirely at large and within the discretion of the judge, since the law is silent upon the subject.

2. **Louisiana Digest—Pleading—Par. 112, 119.**

A petition which alleges that an automobile was being backed into the road when the collision occurred is not a material variance to evidence tending to show that the automobile had been backed into the road at the time of the collision.

3. **Louisiana Digest—Automobiles—Par. 4, 4 (a).**

One who backs into a street is required to use greater care than one who is driving on a straight street, but if the collision is due to the negligence of a truck driving in the street, damages can be collected from him if plaintiff was not contributorily negligent.

Appeal from the City Court of the City of Shreveport, Parish of Caddo, Hon. David B. Samuel, Judge.

Action by Edgar T. Parker against Baker Gasoline Company.

Defendant filed a reconventional demand.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Herndon and Herndon, of Shreveport, attorneys for plaintiff, appellee.

Harry V. Booth, of Shreveport, attorney for defendant, appellant.

WEBB, J.  On July 7, 1924, plaintiff filed suit against defendant to recover damages (repairs on an automobile) alleged to have resulted from a collision with a truck owned by defendant.

Plaintiff alleged:

"That on June 28, 1924, at about 3 o'clock p. m., out on the Mansfield road, within the Fourth Ward of Caddo Parish, Louisiana, at the Orange Cold Drink Stand, while your petitioner's car was being backed into the road on his driveway * * * a truck belonging to said defendant ran into his car * * * and damaged it * * *"

"That petitioner * * * was in no way to blame for said accident, which was due entirely to the carelessness and inattention of the operator or driver of said truck."

On July 17, 1924, defendant filed an exception of "No Cause of Action," which was argued and submitted on July 28, 1924.

On July 30, 1924, plaintiff filed an amended petition in which it was alleged

that the truck, at the time of the collision, was being driven by one of the agents of defendant on the business and purposes of the defendant; which amended petition appears to have been allowed over the objection of defendant, but defendant did not reserve a bill to the allowance of the amended petition.

On August 4, 1924, the exception of no cause of action was overruled, and defendant, without reserving its rights under the objection to the amended petition, answered, denying negligence and alleging that the plaintiff was grossly negligent in backing his car upon the street, and reconvened for damages to the truck alleged to have resulted from the collision.

### OPINION.

The defendant urges the following points for the reversal of the judgment.

1. The exception of no cause of action should have been sustained.

2. The evidence offered, and admitted over defendant's objection, was at variance with his pleading, and should not be considered.

3. The evidence failed to establish negligence on the part of defendant.

Considering these questions in their order:

(1.) The basis upon which the defendant urges the exception is that the original petition failed to state a cause of action, and could not be amended, and that the court was without authority to allow the amendment.

In Commercial National Bank vs. Smith, 150 La. 231, 90 South. 581, the court said:

"The question of the right to amend a petition prior to the appearance of a defendant, by way either of exception or answer, appears to be left entirely at large, and, since the law is silent upon the subject, we know of no reason why a plaintiff should not be allowed to amend in any respect that the judge finds that the interests of justice may require, whether it be to supply a cause of action where none has been alleged in the original petition, or otherwise. The law intervenes only after issue is joined and declares that thence forward an amendment may be made, 'with leave of the court,' provided 'it does not alter the substance of the demand by making it different from the one originally brought.' And the Code of Practice further declares: 'Art. 357. The cause is at issue when the defendant has answered, either by confessing or denying the facts set forth in the petition, or by pleading such dilatory or peremptory exceptions, as he is bound to plead in limine litis, pursuant to the provisions of this Code.' The exception of no cause of action is a peremptory exception which may be filed at any time, and its filing does not put the case at issue, and the same is true of the declinatory exceptions (C. P. 358); hence there are few, if any, cases to be found in which applications to amend have ever been denied because of the mere filing of an exception of no cause of action, and equally few where such applications have been granted when made after the exceptions have been maintained. Burbank vs. Harris, 32 La. Ann. 395; Hart vs. Bowie, 34 La. Ann. 324; Raymond vs. Palmer, 35 La. Ann. 276. We are therefore of the opinion that the supplemental petition was properly allowed."

(2.) The plaintiff alleged that the automobile was being backed into the road, and on the trial, after one witness had testified on direct as well as on cross-examination that the automobile had been backed into the street and was standing in the road at the time of the collision, and another had testified to the same condition, defendant, on cross-examination, objected to the evidence as being at variance with the pleading.

The defendant cites in support of the objection Erwin's Heirs vs. Bissell, 17 La.

92, and Succession of Dejan vs. Schaeffer, 40 La. Ann. 442, 4 South. 89, in one of which causes the plaintiffs were held precluded by their judicial allegations in a former suit which had been the basis of a decree from subsequently taking a position to the contrary; and in the other, that plaintiff having alleged a fact from which certain legal conclusions would flow, could not prove, instead, another fact from which different conclusions would follow.

The variance here cannot be likened to that in the cases cited; the question to be determined in this case was, whether or not the plaintiff's automobile projected into the street, and, if so, whether or not the driver of the truck should have observed the situation in time to have avoided the collision; and whether or not the automobile was or was not moving could not necessarily affect the situation.

(3.) On the merits there were four witnesses who testified that the automobile was standing on the driveway projecting into the street an approximated distance of four and one-half feet, when the truck was at an approximated distance of half a block; that the driver of the truck could have seen the situation at such a distance as would have enabled him to have passed to the rear of the automobile, the street at that point being thirty feet in width; three of these witnesses state that after the collision the driver said, in substance:

"That he had not seen the automobile, that he was looking at a man down the street."

The testimony of the driver, while vague, was in substance in conflict with the testimony of the witnesses for the plaintiff, and other testimony was offered by defendant as to the situation of the driveway from which the automobile backed into the street, which indicated that a building to the north of the driveway would obstruct the view that the driver of the truck had of the automobile; but this testimony does no indicate that the driver of the truck could not have seen the automobile in ample time to have avoided the collision.

It is contended that the plaintiff was negligent in backing the automobile from the driveway into the street, considering that the building at a short distance away would obstruct the view of the car backing out, of the truck driver approaching from the north.

The situation was such as required greater care on the part of the parties than would have been the case on a straight street, and where there were no obstructions (Southall vs. Smith, 151 La. 967, 92 South. 402), but the evidence does not indicate that there was any negligence on the part of the plaintiff, but we think it does show that the driver of the truck was not maintaining a proper lookout, and to this the collision is attributable.

The judgment is affirmed.