## BENTLEY v. BARRETT.
### No. 4359.

Court of Appeal of Louisiana.
Second Circuit.

March 6, 1933.

For former opinion, see 144 So. 187.

Hoye Grafton, of Shreveport, for appellant.

Craig, Bolin, Magee & Baucum, of Shreveport, for appellee.

DREW, Judge:

This case was before the court once before (see opinion reported in 144 So. 187). A rehearing was granted for the reason that the court did not in its former opinion consider a written application for continuance filed in the lower court by defendant. The court in its former opinion erroneously stated that the application for continuance was oral and not in writing, and therefore gave it little consideration.

The motion for continuance alleges that the case was set for trial in the lower court for April 18, 1932, at 2 p. m.; that the fixing was made on April 15, 1932, and before issue was joined by the filing of an answer or any motion or exception that required a trial; and that the setting for trial of this case, before issue had been joined, was improper and improvidently made. There are other allegations in the motion for continuance unnecessary to relate here.

The facts as alleged are borne out by excerpts from the minutes of the court, and are as follows:

"April 15, 1932. Defendant appears and asks orally for one day's continuance, motion of plaintiff to take judgment disallowed and exception to rule filed by plaintiff's attorney. Case set for trial 4—18—32, at 2 p. m."

"April 16, 1932. Motion to dissolve writ of attachment filed. Answer filed."

"April 18, 1932. Motion for continuance filed and overruled. Defendant reserves bill of exceptions, case taken up for trial on motion to dissolve writ. Evidence adduced, argued and submitted. Case submitted on merits on evidence that had been taken on motion to dissolve. * * *"

The minutes clearly disclose that the case was set down for trial at a time prior to issue having been joined. In fact, no filing of any kind had been made in the case by defendant on the 15th day of April, 1932, which was the day the fixing was made. Plaintiff does not contend that the case was at issue at the time it was fixed for trial, but relies on the agreement between the trial judge and defendant made on April 15th. She contends that on the eleventh day after suit was filed, her attorney appeared in court to prove up the judgment by default, no answer having been filed; that the defendant appeared in person and made an oral application for one day's continuance in which to file an answer. Plaintiff objected and, over her objection, the court allowed the continuance, with the understanding that the case was to be fixed for trial, and was fixed for April 18, 1932, at 2 p. m. She contends that defendant is bound by his agreement with the court.

We have no reason to doubt the correctness of the statement of attorney for plaintiff, but the record is barren of any evidence of such an agreement. There is nothing in the minutes to disclose any such agreement. If there was such an agreement, the lower court should have dictated it into the minutes at the time the case was set for trial, or as his reason for overruling the motion for continuance. The record is silent in both instances as to an agreement. We cannot, therefore, predicate a judgment upon an alleged agreement not disclosed by the record. We can only pass on the case as it is disclosed by the record.

This is a suit for a moneyed judgment alleged to be due plaintiff by defendant for board and lodging. A suit of this character could not be fixed for trial before issue is joined. Code of Practice, art. 463; Coltraro v. Lotuso, 147 La. 150, 84 So. 528.

The fixing of this case for trial on April 18, 1932, at 2 p. m., was error, and the motion for continuance on this ground should have been sustained, the fixing upset and refixed for a later date.

The general rule that the granting or disallowing a continuance is in the sound discretion of the trial judge is not applicable to a case of this kind, where the fixing of the case for trial was before issue had been joined, and therefore illegal.

The former judgment of this court is recalled and set aside; and it is now ordered, adjudged, and decreed that the judgment of the lower court wherein it gave judgment for plaintiff against defendant is reversed and set aside, and the case is remanded to the city court of the city of Shreveport, La., for further proceeding, in accordance with the views expressed herein. The judgment in favor of defendant and against plaintiff on the motion to dissolve the attachment is not before this court, as same was not appealed from; cost of appeal to be paid by plaintiff, and the cost of the case on its merits to follow the final decision of the courts.