TATE,'Judge.
This suit is to recover the balance allegedly due plaintiff-seller for the sale of a car to defendant-purchaser. Defendant appeals from the District Court’s award to plaintiff of $244.15.
Suit was filed on May 13, 1954. Exceptions of vagueness were filed both to the original petition and to a supplemental amending petition. After several continuances obtained by defendant, the second exception of vagueness was finally tried and overruled on June 27, 1955; but exceptions of no right and cause of action were filed the same day. These latter were immediately set for trial, and they were overruled on June 28, 1955. On October 10, 1955, on motion of counsel for plaintiff, the matter was fixed for trial on the merits on December 16, 1955.
When the case was called for trial on the merits, counsel for defendant objected to going to trial on the ground that issue had been joined neither by an answer filed by defendant, nor a preliminary default entered by plaintiff. The District Court overruled these objections, the trial proceeded, and judgment was rendered against defendant.
Defendant-appellant urges reversal of the District Court judgment, since it was rendered after a trial on the merits ordered over defendant’s objection, when issue had not been joined by answer or default. “No valid judgment may be rendered against a party with whom issue has not been joined.” Eppinett v. Mydland, La.App. 1 Cir., 81 So.2d 566.
Art. 357 of Louisiana Code of Practice of 1870 provides:
“The cause is at issue when the defendant has answered, either by con *722 fessing or denying the facts set forth in the petition, or by pleading such dilatory or peremptory exceptions as he is bound to plead in limine litis, pursuant to the provisions of this Code.”
Defendant relies upon Commerical National Bank v. Smith, ISO La. 234, 90 So. 581 and Parker v. Baker Gasoline Company, Inc., 3 La.App. 711, to support his contention that issue had not been joined by the overruled exceptions of no right and cause of action. These cases hold that such peremptory exceptions do not join issue so as to inhibit amendment of the original petition, Article 419, C.P., since such exceptions need not be pleaded in limine litis, and it is only these latter exceptions which join issue under Article 357, C.P., above set forth in full.
With unimpeachable logic, plaintiff-ap-pellee replies that then according to the literal wording of Article 357, above, issue was joined herein by the prior filing of the exceptions of vagueness, since the exception of vagueness is a dilatory exception which must be pleaded in limine litis, Articles 332, 333 C.P., Foster & Glassell Corp. v. Ackel, La.App., 166 So. 885.
There is some substance to plaintiff-appellee’s argument that the judgment should be affirmed since issue was technically joined, and defendant had ample notice of the date of trial and was represented thereat (although admittedly objecting to trial thereof). Since the function of an answer is merely to define the issues, and since the only positive requisite of the Code of Practice is that issue be joined and not that an answer be filed, it has been suggested that even in the absence of an answer issue should be considered tacitly joined by the prior pleadings, and a resulting judgment should be sustained. See Note, “Pleading — Tacit Joinder of Issue— Waiver of Requirement of Answer — Articles 357, 359, Louisiana Code of Practice of 1870,” 10 Tulane Law Review 649.
But why should an overruled or abandoned exception of vagueness, filed at an earlier stage of the proceedings and perhaps to clarify the petition so as to justify sustaining of a peremptory exception to be filed subsequently, save from nullity this judgment on the merits in the absence of answer or default, whereas the subsequent peremptory exception does not? That is, the filing of the exception of vagueness is as little (or as much) practical reason to justify validity of the judgment in favor of plaintiff as is the filing of defendant’s exception of no cause of action.
Although Article 357 is certainly susceptible to the interpretation urged by plaintiff-appellee, it is our opinion, considering this codal article in the context of its historical meaning and the jurisprudence, that the mere filing of a dilatory exception does not by itself constitute sufficient joinder of issue to support a valid judgment in the absence of answer, default or defendant’s waiver thereof.[1]
As set forth in the Comment, “The Method and Time of Pleading Dilatory and Declinatory Exceptions,” 1 La.Law Review 174, containing an excellent legislative history of the pertinent codal articles, Article 357 (with wording identical to its present) within the context of the Code of Practice of 1825, provided that issue was expressly joined only by filing of an answer; which answer might contain dilatory or peremptory exceptions, then permitted to be filed with the answer. By Section 23, Act 53 of 1839, defendants were prohibited from filing such exceptions with the answer, which separate enactment was in 1870 added as a second paragraph to Article 333 of the Code of Practice of 1870, without *723 apparent consideration of its possible effect upon Article 357, C.P., both of which codal articles were otherwise retained unchanged from the Code of Practice of 1825.
It was not until comparatively recently that the courts squarely held that issue was joined by the filing of the dilatory exception, rather than the answer, for purposes of deciding whether petitions could be freely amended or on the other hand “after issue joined” only “with the leave of the court * * * provided the amendment does not alter the substance of his demand”, Article 419, C.P.; see Comment, supra cit., 1 La.Law Review 174 at 178—179; see Self v. Great Atlantic & Pacific Tea Co., 178 La. 240, 151 So. 193 at pages 196-197; Diamond T. Motor Trucks, Inc. v. Heck, La.App., 13 So.2d 512; Elfer v. Mintz, La.App., 7 So.2d 416.
Numerous cases can be found which held invalid judgments rendered on the ground that issue had not been joined by answer or legal default: Coltaro v. Lotuso, 147 La. 150, 84 So. 528; Chopin v. Freeman, 145 La. 972, 83 So. 210; St. Amand v. Long, 25 La.Ann. 164; Succession of Whitten, 9 La.Ann. 417; Schnaufer v. Schnaufer, 4 La.Ann. 355; New Orleans and C. R. Co. v. Patton, 2 La.Ann. 352; Laville v. Rightor, 17 La. 303; Perret & Gaily v. Keill, 15 La. 209; Calvet v. Cal vet, 8 Mart. (N.S.) 301; Dorsey v. Kirkland, 8 Mart. (N.S.) 283; Beatty v. Wright’s Estate, 7 Mart. (N.S.) 285; Miles v. Oden, 6 Mart. (N.S.) 211; Bird v. McMicken, 5 Mart. (N.S.) 515; Woodward v. Braynard, 6 Mart. (O.S.) 572; Broussart v. Trahan, 2 Mart. (O.S.) 133; Bentley v. Barrett, La.App., 146 So. 349; Robinson v. Enloe, 10 La.App. 435, 121 So. 320; Moore v. Day Building Supply Co., Inc., 3 La.App. 575 and 3 La.App. 648.
Likewise, the several cases which support the legal principle recently stated in Levenson v. Chancellor, La.App., 68 So.2d 116 at page 122, as “The filing of an answer or entry of default before rendition of a judgment is waived where a litigant appears and participates in the trial”, accept the premise that a valid judgment may be rendered only as a result of joinder of issue by reason of answer, default, or' waiver thereof by going to trial without objection as to the lack thereof. Ducote v. Ducote, 183 La. 886, 165 So. 133; Henderson v. Hollingsworth, 158 La. 921, 105 So. 14.
See also Cross on Pleading (1885), 181— 189, for a general discussion of the early jurisprudence concerning this question.
However, it can be argued that no case above cited concerns proceedings in which exceptions filed were clearly required to be filed in limine litis, so as to join issue within the literal meaning of article 357. (Nor could any case be found holding that filing of such an exception did indeed join issue so as to support the validity of a judgment thereafter rendered in the absence of answer, default, or waiver thereof by defendant.)
The 'Coltaro caáe, 147 La. 150, 84 So. 528, for instance, involved earlier overruling of an exception of no cause of action and a plea of estoppel, both peremptory in nature and not required to be filed in limine litis.[2] In Ducote v. Ducote, 183 La. 886, 165 So. 133, the earlier exception overruled was that of lis pendens, a declinatory exception; which under the express provisions of Article 358, C.P., does not join issue.[3] The prior exception in Chopin v. Freeman, 145 La. 972, 83 So. 210, was a plea of prescription, which likewise need not be filed in limine litis. In Bentley v. Barrett, *724 La.App., 146 So. 349, the earlier proceeding was a rule to dissolve the attachment, which does not join issue within the meaning of Article 357.
Nevertheless, we do not feel that the Legislature intended to change the historical requirement that no judgment is valid without joinder of issue by answer, default or waiver thereof. We feel that Article 357, C.P., as originally enacted and as consistently applied up to the present reflects a legislative intention that in the absence of default no cause is at issue for purposes of trial upon the merits until an answer has been filed.
The Bentley case for instance contains the comment at 146 So. 350: “This is a suit for a moneyed judgment * * *. A suit of this character could not be fixed for trial before issue is joined. Code of Practice, Art. 463 * * It is to be noted that Article 463, Code of Practice, does not contemplate trial of the cause until after “the answer has been filed in a suit.”
This court realizes that our ruling herein is technical and delays further the final disposition of a matter already long protracted through patently dilatory tactics. However, it should be noted that plaintiff herein was not without a remedy in that upon defendant’s continued failure to file an answer, it was open to plaintiff to enter a preliminary default and after the legal delays to prove up his case. (See, also, if defendant’s obstructive conduct had consisted of staggered filing of a string of peremptory exceptions, Egan v. Hotel Grunewald Co., 134 La. 740, at page 747, 68 So. 698.)
For the above and foregoing reasons, it is ordered, adjudged, and decreed that the judgment herein be annulled and reversed, and that the case be remanded, for further proceedings according to law. Cost of this appeal to be paid by plaintiff-appellee; all other costs to await final determination of these proceedings.
Annulled and remanded.

. Of course, the statement that no judgment on the merits is valid unless issue has previously been joined by answer or default, or unless defendant has waived these requirements by going to trial without objection, is limited in its application to suits by ordinary process. Ex-ecutory or summary process by definition omit the formal requirements of ordinary process; see, e. g., Articles 98, 734, 756.

. The index to Professor MaeMahon’s authoritative treatise, Louisiana Practice, does not indicate that the so-called plea, of, estoppel is a recognized form of exception in Louisiana.

. Art. 358, Code of Practice: “When the defendant pleads' some declinatory ex- • ception, without answering to the merits, there is no issue joined.”