CLARK'S HEIRS *vs*. CHRIST'S CHURCH.

APPEAL FROM THE COURT OF THE FIRST DISTRICT, THE JUDGE OF THE CRIM-
INAL COURT PRESIDING.

If land be alienated for a perpetual rent, on the failure of payment, by which the alienee is to lose all his rights to the premises, and may be expelled on the simple order of a judge obtained on the oath of the alienor, and the latter on the failure of the former (the premises being vacant and unoccupied) enter with his knowledge and without his opposition on certain conditions with which the alienor afterwards complies, the title of the alienee is thereby divested.

The facts are stated in the opinion of the court, delivered by MARTIN, J.

The defendants are appellants of a judgement by which the plaintiffs have recovered two lots of ground in the possession of the former.

In 1810, the premises, which were then part of the commons of the city of New-Orleans, were adjudicated to Clark, the husband of one of the plaintiffs and the father of the others, on a perpetual and annual ground rent, payable quarter yearly.

By a special clause in the deed, it was agreed, that if Clark should fail to pay two consecutive instalments of the rent, he should lose all his rights to the premises, and might be expelled therefrom on the simple order of a judge obtained on the oath of the mayor.

Clark paid the rent which became due during the first year, *i. e.* up to the 28th of August, 1811. In 1813, he was sued for the arrearages then due, but died in 1814, before judgement, which was obtained against his estate in 1815.

The sale of his property was not equal to the rent arrear, and his estate was insolvent. Duplessis, the under tutor of the children, and who was aiding the widow in the affairs of the estate, applied in her behalf to the corporation, offering a

EASTERN DIS.
August, 1832.

CLARK'S HEIRS
vs.
CHRIST'S
CHURCH.

retrocession of the lots, if the claim against the estate was released. The proposal was accepted, and the counsel authorized the mayor, on receiving the retrocession, to convey the premises to the defendants, who were desirous of purchasing them.

A deed was accordingly prepared, in which the widow, in her own rights and as tutrix of the children, and Duplessis, the under tutor, intervened for the purpose of executing the retrocession, and the premises, were conveyed to the defendants, but this instrument never received its completion by the signature of the widow.

The defendants entered upon and improved the lots, and had a peaceable and uninterrupted possession during fifteen years, to the inception of the present suit.

It is contended for them that Clark was divested of his title, *ipso facto*, by his failure of two instalments of the rents; that thereon the corporation had a right to, and did enter on the lots, and the defendants having acquired its rights, are entitled to retain the premises.

On the part of the plaintiffs, it is urged the title was not *ipso facto* divested, but subject to be so by a judgement or at least an entry authorized by a judge's order.

On this question of law, the parties are at issue, and it forms the sole object of our consideration.

The defendant's counsel has said that, although the words "cede" and "sell," are used in the deed to Clark, yet the contract was merely a lease on a perpetual rent. *Partida,* 5, 8, 28. *Febrero, addiscionado,* 1, 8, § 1, *p.* 4.

A contract of *bail à rente* partakes of the nature of the contract of sale, and that of the contract of lease; it is translative of property, and the rent is, essentially redeemable. *Pothier on Bail à Rente, p.* 1, 3.

In the 5th Partida, already cited, it is said that, if the creditor of the rent be a religious corporation, and the rent be in arrear for two years, or if it be a lay one, and the rent be in arrear for three years, a re-entry may take place without any authority from the judge. The *Recopilacion au las leges de Castilla,* 15, 5, 1, has a like provision on the

EASTERN DIS. failure of the payment of the rent; *che caya la hendred in*
August, 1832. *comisio.*

CLARK'S HEIRS        Gregorio Lopez, in his Commentary on the 5th Partida,
*vs.*
CHRIST'S      says the creditor of the rent may enter of his own authority
CHURCH.       and without the order of a judge; but if he be resisted,
he must apply to the judge.   Febrero is, however, of a dif-
ferent opinion.

When the opinions of commentators cannot be reconciled,
they must be rejected, and we are to seek the intention
of the legislator in the words which he has used.   In the
present case, we have, also, the intention of the contracting
parties.

Clark, on failing to pay two consecutive instalments, was
*If land be* to lose all his rights under the deed; the corporation, there-
*alienated for a*
*perpetual rent,* fore, resumed its former right, *i. e.* that of entry.   To facil-
*on the failure* itate this, Clark submitted, in case he resisted, to be expelled
*of payment by*
*which the a-* without a regular suit, *i. e.* upon the order of the judge to be
*lienee is to lose*
*all his rights to* obtained, without a citation, on the simple oath of the mayor,
*the premises* that the rent had been in arrear for six months.   But the
*and may be*
*expelled on* lots were vacant, unimproved and unoccupied.   The represen-
*the simple or-*
*der of a* tatives of Clark made no opposition to the entry; on the
*judge obtained*
*on the oath of* contrary, as far as the evidence goes, assented thereto, on
*the alienor,* certain conditions, which were complied with.   The cor-
*and the latter*
*on the failure* poration entered and conveyed the premises to the defendants.
*of the former,*
*(the premises*       This right of entry, which had been stipulated for, was
*being vacant* recognised by law as a consequence of the failure of the
*and unoccu-*
*pied,) enter* debtors to pay the rent according to the statutes of Spain,
*with his know-*
*ledge and with-* in force at the period of the adjudication, and that of the
*out his opposi-* entry.
*tion on certain*
*conditions*
*with which the*
*alienor after-*       It is, therefore, ordered, adjudged and decreed, that the
*wards com-* judgement of the District Court be annulled, avoided, and
*plies, the title*
*of the alienee* reversed, and that there be judgement for the defendants,
*is thereby di-*
*vested.* with costs in both courts.

*Strawbridge* and *Christy,* for appellants.
*Pierce* and *Hennen,* for appellees.