## No. 13,547.

### CITY OF NEW ORLEANS VS. CLEMENT CAMP.

#### SYLLABUS.

By a contract of rent of lands, one of the parties conveyed and ceded to the other a piece of land which the latter was to hold as owner and pay to the transferror an annual rental of a certain sum of money.

By the terms of the deed, at the end of twenty-nine years after the date of the conveyance of this property, the party of the second part, the alienee, Camp, reserved the right to buy, *i. e.,* an option, for a price stipulated in the deed.

For more than ten years the successors, as owners, of the party of the second part, Camp, failed to pay the rent due and did not seek to avail themselves of the option.

It was stipulated that in case the ground lessee failed to pay two instalments of the rental, then he was to lose all rights, and he consented to be ousted on a sworn demand of the plaintiff and an order of court thereon, and that his improvements on the land would not stand in the way of the execution of the order expelling him.

*Held:*

1st.   That under the terms of the contract, placing defendant *in mora* is not a condition precedent to his dispossession.

2nd.   That plaintiff could not be held by the fact that she collected taxes from the defendant, to have recognized defendant as owner of the property.

3rd.   That the right of the alienor to the property is not extinguished by the failure of the alienee to pay rent for ten years. Plaintiff's rights to rental followed the land. If part of the claim be prescribed, the rental for three years preceding the filing of the suit is not prescribed and plaintiff, both as transferror of a ground rent, and creditor of at least part of a claim not prescribed, had a right to enter into possession of the property.

APPEAL from the Civil District Court, Parish of Orleans—
Theard, J.

*Samuel L. Gilmore,* City Attorney, (*Rolla A. Tichenor* and *Theodore Cotonio* of counsel) for Plaintiff, Appellee.

*Jerome Meunier, Armand Pilie* and *Charles F. Claiborne* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J. Plaintiff sued for land of which defendant has the possession, and to which he lays claim to title. It appears that, in 1810, the property was conveyed by plaintiff to Isaac Camp (and defendant claims title by *mesne* conveyance from the original vendee, Isaac Camp) for the sum of eight hundred dollars, net, not to be paid before twenty-nine years, and then payment to be made by the purchaser if he desired to pay. In other words, the payment of the price was left to his pleasure at the end of the time before mentioned. He was bound by a stipulation of the contract to pay forty-eight dollars quarterly as rental, *i. e.,* six per cent. per annum on the $800, which was the purchase price.

The original contract also contained the stipulation, that in case he failed to pay two instalments of the rental, then he would lose all the rights he had acquired on the lot sold, and consented to be expelled therefrom on an order of court obtained on the sworn demand of vendor.

It was further made one of the stipulations, that any improvements which might be made on the property would not be in the way to the ouster of the vendee.

Plaintiff rests its right on defendant's obligation to surrender the property in case of failure in payment of the rent, which the record informs us has not been paid since the year 1880.

The defendant seeks to meet plaintiff's demand by pleading in his answer, filed after the usual default had been entered, that no demand of payment has ever been made of him, and no rent since 1880 has been paid on the property; that default was a condition precedent to his dispossession; that plaintiff has, by collecting taxes from him, recognized him as owner; that ground rent is extinguished by the non-payment of arrearages of rent for more than ten years; and that it follows that he

is owner, free from all encumbrances on the property; and in this court defendant has supplemented this ground by pleading the prescription of ten years in its support.

It was admitted that, as alleged, no ground rents had been paid on the lot since January 24th, 1880, and that defendant, prior to this suit, was not called upon by plaintiff to pay rent, and that defendant had paid taxes to the city up to the trial of the case.

The contention on the part of the defendant is, that he should have been placed *in mora* before the suit against him was filed. As relates to the amicable demand preceding the suit, nothing is better settled than that it is not a condition precedent, except in certain cases, to which we will refer in a moment, to instituting the suit.

An exception grounded on the want of amicable demand, only serves to save costs when it is timely filed, and is not ground for dismissing the suit. But defendant's contention is that this rule is without application to his cause by the reason that plaintiff is bound by the rule governing when one seeks to exercise the resolutory condition. In other words, that the articles of the Code relating to the exercise of the resolutory condition, include as falling with their terms, just such contracts as the one under which plaintiff claims.

True, prior to the suit of the creditor who has the right to the exercise of the resolutory condition, he must offer to restore his debtor to the situation in which he was before the contract.

But, in our view, the defendant is not entitled to the exercise of that right. He is not a vendee who has claims against his vendor arising out of the dissolution of a sale, nor is he a party to a contract requiring that the debtor be placed *in mora* before suing.

There are no reciprocal obligations which render it necessary to put him in default.

The contract under which plaintiff sues, partakes of both the sale and the lease. It has something of each. The right plaintiff is claiming grows out of the features of the contract which are similar to the lease. The plaintiff, as it is with the lessor in an ordinary lease, asks, in view of the fact that he has not been paid the rental due, that he be recognized as owner and placed in possession.

The right to be placed *in mora* is not absolute, as we take it. If it be manifest that a debtor, by a contract, who is called upon to submit to its recission, has no claim whatever against his creditor, that placing him *in mora* would be a matter of the merest form, entirely useless by

the reason that the debtor has nothing whatever to claim; the court would, in that case, have the authority to sustain an action, although the defendant was not put in default.

Of course, where the debtor has the least right, he should be reinstated in it, or an order should be made to that end.

In the case before us for decision, not only the defendant has no right rendering it necessary in justice to him to place him in default, but the contract appears to have been drawn so as to obviate the necessity.

When plaintiff will resume possession, defendant will have no right which he can possibly set up at this time.

Moreover, under the stipulations of the contract, the ancestor of defendant in title consented in case he failed to pay two consecutive instalments of the rent, to lose all the rights acquired in the property to him sold by plaintiff, and to be ousted by an order of court obtained on the sworn demand of the plaintiff. The present action fully covers all the steps which the defendant stipulated should be followed in case plaintiff determined to exercise her rights under the terms and conditions of the contract.

Defendant sets forth that he has improvements upon the property, and that, in consequence, he should not have been proceeded against without first indemnifying, or offering to indemnify, him. This is met, we think, by the contract itself, in which it is stipulated that the improvements were not to stand in the way of plaintiff re-entering into possession of the land in case defendant failed to pay the consecutive instalments of the rent.

The rule is that, after the expiration of the lease, the lessee should restore the thing leased to the lessor. No law requires a default when the purpose of the suit is to compel the lessee to do that which he should do. The failure to pay, as agreed upon, put an end to the contract. A tenant may be turned out without the formality of previously placing him in default, particularly if he has acquired no right on the property which can stand in the way of the proceedings to recover possession of the leased premises.

This court has decided that the claim is as in case of lease, and that on failure of payment, by which the transferree loses all his rights, he may be expelled on the simple order of the judge.

Clark's Heirs vs. Christ's Church, 4 L. 286.

And, in another case, the court decided, when the creditor's right to

go into possession became absolute by failure of the debtor to pay rent, the alienee becomes tenant at will.

Poultney's Heirs vs. Barret *et al.*, 8 La. 441.

In the first case cited, the reasons logically led to the conclusions announced. It was not foreign to the issues raised, and is entitled to. the weight due to every well considered opinion.

While it is true in the cited case, as set forth by plaintiff, that it does not appear that the defendant was put in default, yet the court held, that by failure to pay two instalments, he lost all his rights to the land. For similar reasons the defendant, in the case here, had lost all his rights to the land in question, and, in consequence, has only the most attenuated grounds upon which to claim the right to be placed *in mora.*

In the Poultney-Barret case, the court held that they had the right to enter at any time, and the reasoning of the decision affords no ground to infer that placing defendant in default was one of the essential preliminaries of the suit.

Under the circumstances of the case, this suit is of itself a putting in default. Defendant has no cause of complaint against its being .thus considered. *Conventio facit legem.*

We pass from the issue of default, to a consideration of the proposition that the city, by levying taxes on the property, recognized defendant as the owner. In at least two decisions, as relates to taxes, the court held that the assessment of the property in the name of the owner was a recognition by the State not to be ignored when the State claimed the property of the delinquent. The rule has never been extended to include property owned by the State under another than a tax title.

A different rule is upheld in repeated decisions in matter of license tax. Its payment was not held as affording an additional right in pleading against the State. The issue raised was decided without reference to the asserted admission by the State, by accepting the amount of the license. A similar view was expressed in State vs. Telephone & Telegraph Co., 52 Ann. 1416.

This brings us to the question of prescription. Personal actions are prescribed by ten years. In support of the position pressed upon our attention, that this case falls within that prescription, defendant cites Mayer vs. Duplessis, 5 M. 309, decided in 1818, Judge Martin, as the organ of the court, held that the new obligation of a purchaser of a lease

(ground rent) did not have the effect of destroying the personal liability of the vendor for the rent. The court held, further, that the arrearages claimed were those of annuity or *rente constituee*. The date of the decision must be borne in mind; also the fact that under the Code of 1808 (the old Louisiana Digest) the law relating to rent charge was scant enough, as will be seen by referring to page 408 of that Code. The articles of that Code were not taken from the French Civil Code. Its compilers did not have a copy of the Code Napoleon; although this Code was promulgated in 1804, no copy had yet reached Louisiana when her old Code was compiled. The compilers only had a projet of the Code. In 1825, the compilers of the Code of that year, for the first time, incorporated large portions of the French Civil Law relating to ground rent. The law was no longer limited under that Code to a mere reference to annuities and *rente constituee* as it was in the Code of 1808, and Judge Martin, in interpreting the articles of the Code in 1825 upon the subject, expressed views consistent with its articles (*i. e.*, of the Civil Code of 1825), but different from the rules laid down in the prior Code. Clark's Heirs vs. Christ Church, 4 La. 286. In the light of the Code, except that of 1808, this court decided that the rent charge is a real obligation, it follows the property in whatever hands it may be found. Succession of Canonge, 1st Ann. 211.

It follows that the obligation being real and not personal on which plaintiff sues, the right is subject to the prescription of thirty years, and not to the ten years prescription pleaded.

In that case, the plea of prescription of three years was rejected in so far as related to three years' rent prior to demand. The same reason applied here, as found in that decision, would take the three years' rent, due prior to the date of suit, out of the bar of prescription. We, therefore, hold that that prescription does not operate as a bar to plaintiff's action. This leaves plaintiff with a right of action for the land.

We can find no good ground upon which to base a decree for defendant.

The judgment is, therefore, affirmed.

Rehearing refused.