147 So.2d 218 (1962)
Arch L. CHRONISTER
v.
CREOLE CORPORATION.
No. 818.
Court of Appeal of Louisiana, Fourth Circuit.
December 3, 1962.
*219 Edgar N. Quillin, Arabi, for plaintiff and appellee.
Monroe & Lemann, Walter J. Suthon, III, Eugene G. Taggart, and Herbert J. Harvey, Jr., New Orleans, for defendant and appellant.
Before REGAN, SAMUEL and TURNER, JJ.
HENRY F. TURNER, Judge pro tem.
The plaintiff in this case, alleging himself to be a resident of the Parish of Orleans, leased from the defendant, a Louisiana corporation domiciled in the Parish of Orleans, with its principal place of business in New Orleans, a place of business in Chalmette, Parish of St. Bernard, known as "Chalmette Tastee Freez." The lease was in writing and provided that same would commence on January 11, 1960, and end on February 28, 1961. The annual rental was $1,200, payable at the rate of $150 on the first day of each month beginning with the month of March and ending with the month of October. There was to be no rent paid for the months of November, December, January and February. Defendant required and plaintiff deposited the sum of $500, which was to be returned to the plaintiff at the expiration of the lease provided the plaintiff had fulfilled his obligations under the lease. An additional rental based on the volume of business was stipulated. This suit was brought in the Twenty-Fifth Judicial District Court for the Parish of St. Bernard by the lessee for the return of the deposit of $500 and for damages in the amount of $200, allegedly caused by reason of the fact that the lessor had unlawfully taken possession of the property subject of the lease and placed another tenant therein two months before the lease had expired, effectually dispossessing him and causing him loss of business in an amount which would have netted him a profit of $200. There appears to be no issue on that part of the lease stipulating the additional rental based on the volume of business. The defendant filed an exception to the jurisdiction of the court ratione personae and ratione materiae urging *220 that it was entitled to be sued at its domicile and that the suit was simply one for breach of contract and did not fall under the exceptions to the general rule of venue set out in Art. 42 of the LSA-Code of Civil Procedure. The court heard arguments on this exception and apparently came to the conclusion that Art. 74 of the LSA-Code of Civil Procedure gave him jurisdiction of the res and that the case could properly be heard before him.
The defendant then filed an answer in which it admitted that it retained the $500 deposit, but asserted that it had not unlawfully evicted the plaintiff but had taken possession of the property in order to preserve same and prevent further deterioration of the building and equipment. It then assumed the position of plaintiff in reconvention and asked for judgment in the amount of $296.52, to be deducted from the $500, which it admitted holding, because of alleged damage to the premises caused by the plaintiff. It subsequently filed a supplemental and amended answer and reconventional demand increasing the amount asked for as damages to be deducted from the plaintiff's $500 in the total amount of $364.17. At that stage of the proceedings the district judge assigned the case for trial and after hearing the evidence signed a judgment which reads as follows:
"It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Arch L. Chronister, against defendant, Creole Corporation, in the full and true sum of Five Hundred ($500.00) Dollars, together with legal interest from judicial demand until paid, and for all costs."
From this judgment defendant corporation took an appeal. The plaintiff neither appealed nor has he answered the appeal. We think the judgment of the district judge in maintaining his jurisdiction in this case is correct. While the alleged action is for the return of the deposit from an Orleans Parish corporation, he incorporates in his demand an additional demand for the moneyed judgment for wrongful trespass and eviction from property in which he unquestionably had a right to be.
In the case of Waller & Edmonds v. Cockfield, 111 La. 595, 35 So. 778, the plaintiffs sued for wrongful eviction from a cotton gin which they had leased for a period which was to expire on January 1 and for exemplary damages. The facts in the case are strikingly similar to the ones here, as in that case the lessor dispossessed the plaintiffs on November 29 because of the reason that the cotton ginning season was practically over. He gave several other reasons for terminating the lease prematurely. The plaintiffs were awarded damages for the breach of the contract and also for loss of profits they would have made had they been allowed to continue the ginning operations in the amount of $200, the Court stating:
"Manifestly, plaintiffs sustained a loss. Defendant is liable for an illegal act; in other words, a tort or wrong, which is the proximate cause of the loss.
* * * * * *
"* * * The liability is partly contractual and partly ex delicto. To the extent that it is ex delicto, plaintiffs may recover. * * *"
This case, we think, is authority for the proposition that the violation of a contract can cause damages ex delicto as well as contractual in a breach of a contract.
On a trial on the merits there is some evidence to the effect that the plaintiff had abandoned the enterprise and gone to California and so informed the defendant's representative. There is no transcript of evidence in this case and we are forced to rely on narrative of facts stipulated to by the counsel in the case and their statements as to what transpired. The statements of counsel would indicate that plaintiff *221 denied abandoning the project, or the enterprise, and since the judge of the district court found for the plaintiff, we will not disturb that finding.
It will be noted that the judgment of the district court failed to mention the reconventional demand in this case. The judgment simply ignores it. In view of the articles found in the Code of Civil Procedure of 1960, we doubt that the judge of the district court had the right to assign this case for trial inasmuch as no answer to the reconventional demand had been filed nor was it at issue by default. Article 1035 of the LSA-Code of Civil Procedure reads as follows:
"The answer in an incidental action shall be filed within the delay allowed by Article 1001, or at any time prior to a judgment by default against the defendant in the incidental action, and shall be subject to all of the rules set forth in Articles 1001 and 1003 through 1006." (Italics ours.)
Article 1063 of the LSA-Code of Civil Procedure provides for service in the manner prescribed in Article 1313 and reads as follows:
"The petition in reconvention, whether incorporated in the answer to the principal action or filed separately, shall be served on the plaintiff in the principal action in the manner prescribed by Article 1313. Citation of the plaintiff in the principal action shall not be necessary."
Under the section of the Code of Civil Procedure on incidental actions, reconventional demand is listed as one of those actions.
Article 1571 of the LSA-Code of Civil Procedure provides as follows:
"The district courts shall prescribe the procedure for assigning cases for trial, by rules which shall:
"(1) Require adequate notice of trial to all parties; and
"(2) Prescribe the order of preference in accordance with law.
"These rules shall not allow the assignment of ordinary proceedings for trial except after answer filed."
In the footnote in the comments under Art. 852, which provides that the pleadings shall be in writing, there is this comment under subsection (b):
"In view of the provisions of this Title requiring answer and permitting motions and exceptions in all incidental actions, the system of pleadings proposed is quite similar to that recognized in the federal courts. * * *" (Italics ours.)
Despite these irregularities it appears from the record that the district judge heard evidence on the entire case including evidence on the reconventional demand filed by the defendant. The narrative of facts and counsel in brief indicate that a full-scale hearing was had on all issues in the case.
Prior to the enactment of the Code of Civil Procedure of 1960 it was not necessary that an answer be filed to a reconventional demand. However, since the Code puts a reconventional demand on the same basis as an original petition, we find that in passing on cases in which no answer had been filed, no default taken and no waiver by the parties of the filing of an answer that the district court is without authority to order a trial and proceed therewith. In the case of Elum v. Kling, La. App., 90 So.2d 881, we find this expression:
"The District Court is without authority to order trial or to issue judgment on the merits, in the absence of answer to the merits, default, or waiver thereof, see Morris v. Williams, La. App., 88 So.2d 721 and many authorities cited therein.

*222 "Therefore, based on the foregoing reasons and authorities, we feel that the trial judge committed manifest error by proceeding to trial on the merits over the objection of defendant's counsel."
In the present case the record does not reflect that either plaintiff or defendant raised an objection to proceeding with the fixing of the case for trial. In the case of Morris v. Williams, supra, the Court of Appeal, First Circuit, remanded a case wherein a trial was ordered and had following the ruling of the court on some dilatory exceptions. In that case the district court proceeded with the trial over the objections of the defendant.
Finding that the parties proceeded with the trial of this case without objection, then under the ruling of this court, Judge Janvier speaking, in the case of Weitkam v. Johnston, La.App., 5 So.2d 582, that where a reconventional demand is filed in a suit and the judgment of the court makes no mention of same, it must be considered as dismissed.
The judgment of the lower court for plaintiff in the amount of $500 indicates that the judge ordered the return of the $500 deposit to the plaintiff and rejected his demands as to $200 damages. It also indicates that he rejected the demands of the defendant on reconventional demand for the damages to the property. The lower court having resolved these factual situations after having seen and heard the witnesses testify, we find no manifest error or abuse of his discretion in that regard and will therefore not disturb his finding. The proposition of law that unless the lower court's finding on questions of fact are manifestly erroneous the appellate court will not disturb same is too well settled to necessitate the citation of authorities.
For reasons assigned, the judgment of the district court is affirmed.
Affirmed.