249 So.2d 607 (1971)
Lloyd CLEMENT
v.
REDI-BILT CORPORATION.
No. 4498.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1971.
*608 Alfred Abramson, Laplace, for Lloyd Clement, plaintiff-appellee.
Roland J. St. Martin, Laplace, for Redi-Bilt Corporation, defendant-appellant.
Before LEMMON, STOULIG and BARNETTE, JJ.
BARNETTE, Judge.
The plaintiff, Lloyd Clement, a resident of St. John the Baptist Parish, brought suit in that parish against Redi-Bilt Corporation[1], a domestic corporation domiciled in East Baton Rouge Parish for damages arising out of the alleged "unsatisfactory workmanship" in building a house to be used as his residence in St. John the Baptist Parish pursuant to a contract between them.
The defendant filed an "Exception to Jurisdiction" contending that the court was without jurisdiction over the person of defendant, a domiciliary of East Baton Rouge Parish. The issue, more specifically, is one of venue. The exception was overruled and after trial on the merits judgment was rendered in plaintiff's favor in the amount of $1,250.00. The defendant has appealed.
Counsel for defendant-appellant in argument before this court admitted that there were certain defects in construction. He stated also that he had no argument to make on the cost of correction of the defective construction, but vigorously pursued his contention that the action was brought in an improper venue and that hence the trial court had no jurisdiction in personam over the defendant.
The pertinent articles of the Code of Civil Procedure are Articles 42 and 74. Art. 42 in pertinent part is as follows:
"The general rules of venue are that an action against:
* * * * * *
"(2) A domestic corporation, or a domestic insurer, shall be brought in the parish where its registered office is located;"
* * * * * *
"Article 74 in pertinent part is as follows:
"An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. * * *" (An amendment in 1962 added certain provisions with which we are not concerned in this case.)
The plaintiff-appellee contends that while his suit arises out of a contract between him and defendant, his right of action for damages is not necessarily contractual, but within the exception provided by LSA-C.C.P. art. 74. There is ample authority to support his argument that violation of a contract can cause damages ex delicto as well as contractual, and under certain conditions the action may be in tort. Schoppel v. Daly, 112 La. 201, 36 So. 322 (1904); Waller & Edmonds v. Cockfield, 111 La. 595, 35 So. 778 (1904); Lottinger v. Mark II Electronics of Louisiana, Inc., 179 So.2d 644 (La.App. 4 Cir. 1965); Chronister v. Creole Corporation, 147 So.2d 218 (La.App. 4 Cir. 1962). Upon this premise he contends that his action for recovery of damages in this proceeding is based on quasi offenses resulting from the negligent and unskillful manner in which the defendant performed the building contract.
Plaintiff's petition is very brief. He alleged his and defendants' domiciles and that they had entered into a contract for construction of a family residence. He then alleged:
III. The defendant built the said house, but because of unsatisfactory workmanship, it will cost petitioner ONE THOUSAND *609 FIVE HUNDRED AND 00/100 ($1500.00) DOLLARS to have numerous defects corrected.
IV. These defects include the following: Floor tile improperly laid, poor paint job, cement cracking and stays wet, roofing coming up, toilet leaks, defective light switch, doors leak and do not fit properly, stove knob broken when installed, and molding coming loose.
We find no testimony or evidence in the record tending to enlarge the foregoing allegations of plaintiff's petition. The question then is simply whether this is an action for damages ex contractu or ex-delicto. Only if it is ex-delicto, i. e., based on a quasi-offense, can it come within the exception to the general rules of venue provided by LSA-C.C.P. art. 74.
The source authority of LSA-C.C.P. art. 74 was Code of Practice Art. 165(9) which provided an exception to the general rule governing venue. It provided:
"In all cases where any person, firm or domestic or foreign corporation shall commit trespass, or do anything for which an action for damage lies or where any domestic or foreign corporation shall fail to do anything for which an action for damage lies, such person, firm or corporation may be sued in the parish where such damage is done or trespass committed or at the domicile of such person, firm or corporation."
This article was applicable to the issues in Town of Eunice v. M & L Construction Company, 123 So.2d 579 (La.App. 3 Cir. 1960). In that case it was pointed out that the jurisprudence then prevailing in Louisiana made a distinction between acts of commission and omission. The cases held that that article applied to acts of commission of individuals, partnerships and corporations but for acts of omission it applied only to corporations. In the Town of Eunice case the defendant construction company was a partnership domiciled in Vermilion Parish. The town of Eunice brought suit in St. Landry Parish for damages allegedly resulting from the defective performance of a contract for installation of a sewer system. In order to maintain the jurisdiction (venue) of the court in St. Landry Parish under the then prevailing Codal authority it was necessary to determine as stated by the Court:
"* * * whether the allegations of the petition show that the damages for which recovery is sought resulted from acts of commission rather than of omissionthat is, from something done in St. Landry Parish rather than from something not done there."
The jurisprudence which evolved under Code of Practice Article 165(9) indicated the need to clarify the law to avoid its leading to absurd application. Article 74 of the Code of Civil Procedure accomplishes this purpose.
Article 74 was drafted with the specific intent of removing the distinction between acts of omission and commission as applied to individuals, partnerships and corporations and to provide that the "wrongful conduct" of the article applies both to acts of omission and commission equally to all defendants. See official comments under LSA-C.C.P. art. 74.
It is significant, we think, that article 74 also substituted for "* * * shall * * * do * * * or fail to do anything * * *", the words "for an offense or quasi-offense". This substitution of words has narrowed the coverage of the article so as to restrict it to actions for damages for "wrongful conduct" by offense or quasi offense only as distinguished from actions for damages resulting from any act of commission or omission, which can include breach of contract.
LSA-C.C. art. 1931 provides:
"A contract may be violated, either actively by doing something inconsistent with the obligation it has proposed or passively by not doing what was covenanted to be done, or not doing it at the *610 time, or in the manner stipulated or implied from the nature of the contract."
Within this concept we cannot conceive of a breach of contract from any cause except some act of commission or omission. But every act of commission or omission is not necessarily tortious, i.e., an offense or quasi offense to bring the action within the exception of LSA-C.C.P. art. 74.
In Chronister v. Creole Corporation and Lottinger v. Mark II Electronics of Louisiana, supra, this court held that actions for damages brought in the parish where the damage was sustained rather than the parish of defendants' domicile properly came within the exception of LSA-C.C.P. art. 74. In each of those cases there was a breach of contract but also a cause of action in tort,in Chronister, a wrongful eviction of a tenant and in Lottinger, a loss resulting from a fraudulently obtained mortgage.
In Anglade v. Hemenway Furniture Co., 151 So.2d 164 (1963) this Court said:
"The jurisprudence is well established to the effect that the exceptions provided by law which permit the institution of suits in places other than that of a defendant's domicile are in derogation of common rights and must be strictly construed and are applicable only to cases which come plainly within those provisions. Glover v. Mayer, 209 La. 599, 25 So.2d 242; Tripani v. Meraux, 184 La. 66, 165 So. 453; Smythe v. Home Life & Accident Ins. Co., 134 La. 368, 64 So. 142; Gibbs v. Stanfill, La. App., 94 So.2d 582."
The damages sought in this case are the costs necessary to correct alleged defects in construction resulting from "unsatisfactory workmanship" in the performance of the building contract. It is simply a case of breach of contract and there is nothing in plaintiff's pleadings nor the record upon which we can construe the action as one for damages arising from offense or quasi-offense to bring it within the exception of LSA-C.C.P. art. 74. The suit was brought in an improper venue and the exception to jurisdiction in personam should have been sustained.
Counsel for plaintiff-appellee argues that the unsatisfactory workmanship was the result of defendant's negligence or want of skill for which he is answerable in damages under LSA-C.C. art. 2316 which gives the action the character of a suit in tort. In the first place, he has made no such allegation in his petition, nor is there any evidence to support such a conclusion. Furthermore, except in cases of deliberate fraud, every case of improper or unsatisfactory workmanship might arguably raise the inference of negligence or want of skill on the part of the workman, but this does not necessarily imply that an offense or quasi-offense has been committed within the intent of LSA-C.C.P. art. 74. Certainly none has been alleged nor proven in this case.
Rather than dismiss the suit we will remand to the trial court for such action as it may deem appropriate under the provisions of LSA-C.C.P. art. 121.
The judgment is annulled and the case is remanded to the trial court for further proceedings consistent with the views herein expressed and specifically for such disposition under LSA-C.C.P. art. 121 as the trial Court may deem proper. The plaintiff, appellee is cast for the cost of this appeal.
Annulled and remanded.
NOTES
[1] Erroneously spelled "Redi-Built" in plaintiff's petition and the caption of this proceeding.