304 So.2d 425 (1973)
Frank RICHARDSON
v.
Everett MOORE and A-1 Security System.
No. 9573.
Court of Appeal of Louisiana, First Circuit.
August 22, 1973.
*426 Samuel A. Bacot, Baton Rouge, for appellant.
Hobart O. Pardue, Jr., Springfield, for appellees.
Before LANDRY, SARTAIN and PICKETT, JJ.
LANDRY, Judge.
On application of defendants, Moore and A-1 Security System (Applicant), we issued an alternative writ of certiorari, prohibition and mandamus herein to review the judgment of the trial court dismissing Applicant's declinatory exception of improper venue founded on the premise that this action is based on contract, and must therefore be brought at Applicant's domicile in East Baton Rouge Parish. We recall the writ and dismiss the application.
Plaintiff (Respondent), a druggist domiciled in East Baton Rouge Parish, is the owner of the Springfield Drugstore situated in Livingston Parish. On July 14, 1972, Respondent entered into a contract with defendant Moore, d/b/a A-1 Security System, for the installation and maintenance of a burglar alarm system in Respondent's Springfield establishment. Respondent's store was burglarized on February 22, *427 1973. On April 9, 1973, Respondent instituted this action in Livingston Parish.
Paragraphs two, three and four of Respondent's petition, which set forth the facts on which Respondent relies for recovery, read as follows:
"2.
On the 14th day of July, 1972, plaintiff entered into a contract with A-1 Security System to provide a burglar alarm in his place of business, known as the Springfield Drug Store, at Springfield, Louisiana, at an agreed price of Two Hundred Twenty-Five and No/100 Dollars ($225.00), and Twelve and No/100 Dollars ($12.00) per month for maintenance. The contract provided that A-1 Security System would maintain the said alarm system in good and serviceable condition.
3.
Plaintiff paid the monthly installments promptly and on or about the 11th day of February, 1973, Everett Moore, defendant herein, acting as employee, agent or owner of A-1 Security System, made a change in the burglar alarm system, and due to his negligence, failed to properly activate the system. On the 22nd day of February, 1973, the Springfield Drug Store was burglarized, resulting in a loss to plaintiff in the amount of Six Thousand One Hundred Ninety-Five and 74/100 Dollars ($6,195.74) in merchandise. The said theft occurred solely due to the negligence of Everett Moore and A-1 Security System in failing to activate the burglar alarm system.
4.
As a result of said negligence, petitioner suffered the damages aforementioned."
The fifth and final paragraph is an averment of amicable demand which is followed by a prayer for judgment in the amount of the alleged loss.
The issue must be resolved in the light of LSA-C.C.P. arts. 42, 74 and 45, which collectively provide for venue in cases of this character. LSA-C.C.P. art. 42(1) reads in pertinent part, as follows:
"[an action against] an individual who is domiciled in the state shall be brought in the parish of his domicile . . . ."
However, LSA-C.C.P. art. 74 provides for additional venue when plaintiff's action is based upon an alleged offense or quasi offense, as follows:
"An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or in the parish where the damages were sustained."
LSA-C.C.P. art. 45(3) states that in the event of a conflict between two or more of Articles 42 and 71 through 77, plaintiff may bring his action in any venue provided by any applicable article.
It is well established that Article 74, above, is an exception to the general rule of venue established by Article 42(1), above, and as such, Article 74 must be strictly construed. In this regard, we cite with approval the following from Anglade v. Hemingway Furniture Company, La. App., 151 So.2d 164:
"The jurisprudence is well established to the effect that the exceptions provided by law which permit the institution of suits in places other than that of a defendant's domicile are in derogation of common rights and must be strictly construed and are applicable only to cases which come plainly within those provisions." (Citations omitted.)
The source of Article 74, above, is former Code of Practice Article 165(9), *428 which dealt with the venue of actions both ex delicto and ex contractu. Article 74, above, however, does not apply to actions ex contractu. Its application is limited solely to actions in tort. Clement v. Redi-Bilt Corporation, La.App., 249 So.2d 607; Anglade v. Hemingway Furniture Company, above.
Nevertheless, our jurisprudence is firmly established to the effect that breach of a contractual obligation can give rise to an action for damages in tort as well as one founded upon the contract breached. Waller & Edmonds v. Cockfield, 111 La. 595, 35 So. 778; Schoppel v. Daly, 112 La. 201, 36 So. 322; Clement v. Redi-Bilt Corporation, above. The rule is stated in Federal Insurance Co. v. Insurance Co. of North America, 262 La. 509, 263 So.2d 871, as follows:
"It has been recognized by this Court on numerous occasions that when a party has been damaged by the conduct of another arising out of a contractural relationship, the former may have two remedies, a suit in contract, or an action in tort."
Applicant contends that Respondent's action is founded solely upon an alleged breach of the contractual obligation to maintain the alarm system, consequently the proper venue is East Baton Rouge Parish, which is Applicant's domicile. We disagree in view of the allegations of Respondent's petition.
Paragraphs three and four of Respondent's petition clearly characterize this action as one in tort. Applicant's negligence is expressly averred and alleged to be the sole cause of Respondent's loss. The instant case is readily distinguishable from Clement v. Redi-Bilt Corporation, above, wherein plaintiff sued upon the contract rather than in tort. In Clement, the claim was based on alleged "unsatisfactory workmanship" in the performance of the contract; there was no allegation that the reputed unsatisfactory workmanship was the result of defendant's negligence.
Although Federal Insurance Company v. Insurance Company of North America involved a matter of prescription, its holding is worthy of note. The court in Federal Insurance Company, above, looked to the allegations of plaintiff's petition to determine whether the action was one in contract or tort. Upon finding express allegations by plaintiff that recovery was sought under contract, the court applied the rule of prescription applicable to contracts and overruled defendant's plea of one year's prescription governing actions in tort.
We conclude that plaintiff has elected to prosecute his claim in tort based on expressly averred negligence on defendant's part. That the alleged negligence act occurred incidental to a contract between the parties is a matter of no import under the circumstances. Respondent's alleged negligent act occurred in Livingston Parish. Pursuant to Article 74, above, Respondent (Plaintiff) was entitled to bring this action in tort in the Parish where the alleged negligent act occurred, namely, Livingston Parish.
It is ordered, adjudged and decreed that the alternative writ of certiorari, prohibition and mandamus issued herein be and the same is hereby recalled and set aside and the application for writs made herein by Everett Moore and A-1 Security System be denied and dismissed at Applicant's cost, and this matter remanded to the trial court for further proceedings.
Writ recalled, application denied.