MORIAL, Judge.
This cause has been before this court on a prior occasion. See Cousins v. Crest Air Conditioning and Heating, Inc., 305 So.2d 926 (La.App. 4 Cir. 1974). Since we decide this case on a procedural issue we deem it unnecessary to delve into the factual dispute; however, a recitation of the egregious procedural route traveled in this case is required.
Plaintiff filed this suit against the defendant corporation in the First City Court of the City of New Orleans on November 24, 1971. Plaintiff requested that service of the petition be made on the defendant and on H. Miles, president of the defendant in Metairie, Jefferson Parish, Louisiana. The sheriff’s returns show service of the citation and petition on the defendant through H. Miles and personal service on H. Miles at 319 David Drive, Metairie, Louisiana, on December 3, 1971. On Janu *545 ary 17, 1972, plaintiff filed an ex parte motion for change of venue to the First Parish Court, Parish of Jefferson in which he stated “that the defendant * * * has its principal place of residence in the Parish of Jefferson; * * The matter was ordered transferred “ * * * in compliance with the Code of Civil Procedure, Article 122 [121], for the transfer of actions from one Parish to another.” Pursuant to the order of court, the case was transferred to the First Parish Court for the Parish of Jefferson by the Clerk of the First City Court.
No appearance was entered by either the defendant or H. Miles and on August 10, 1972 a default judgment in the amount of $796.89 with judicial interest plus costs was rendered against defendant. Plaintiff executed on the judgment via garnishment of the defendant’s bank account in the National Bank of Commerce in Jefferson Parish and obtained a judgment against the garnishee bank on March 5, 1973. Defendant moved for a new trial on August 10, 1973. In its motion which was set for a hearing on September 26, 1976 defendant alleged that the judgment of March 5 was contrary to the law and evidence in the following particulars: “1. Insufficience [Insufficiency] of service. 2. Justice requires.” The trial court granted the new trial holding that an LSA-C.C.P. Article 122 transfer requires a contradictory motion and that notice of transfer is required. Thereafter, defendant filed a rule for the return or deposit of the funds in the registry of the court. After argument of the rule, the court ordered plaintiff to return to defendant the sum of $963.49. Plaintiff appealed from that judgment and this court ordered the case remanded for a trial on the merits. Cousins v. Crest Air Conditioning and Heating, Inc., supra. After trial, the court rendered judgment for the defendant. Plaintiff appeals from this judgment urging in this court for the first time that the new trial was improvidently granted. We agree.
There is no apparent dispute evidenced from our review of the record that defendant’s registered office, business office, or establishment is in the Parish of Jefferson and that the alleged wrongful conduct complained of occurred in the Parish of Orleans. Accordingly, proper venue for plaintiff’s suit is either in Orleans or Jefferson Parish. See LSA-C.C.P. Articles 42, 74 and 77.
It, therefore, was unnecessary for plaintiff to move for a change of venue. Though LSA-C.C.P. Article 121 is applicable to a transfer from an improper venue to a proper venue, it is obvious that the order of transfer to another proper venue could not have been granted under any change of venue authority (See LSA-C.C. P. Article 122 and 123) other than LSA-C.C.P. Article 121. It is apparent from plaintiff’s motion for change of venue that he believed that suit had been instituted in a court of improper venue. An LSA-C.C. P. Article 121 transfer does not require a contradictory motion. Accordingly, the transfer via ex parte motion was proper.
Pursuant to the court’s order, the Clerk of Court transferred the case in accordance with LSA-R.S. 13:3271, et seq. We find no due process requirement for the issuance and service of further citation when a case is transferred as here. Defendant had been served with a valid citation issued out of a court of competent jurisdiction and one of apparent proper venue. The five (5) day delay within which to file a pleading or make an appearance as required by LSA-C.C.P. Article 5002 had expired when the case was ordered transferred. Plaintiff had the right to have a default judgment rendered in the First City Court of New Orleans at that time. Though plaintiff had the case transferred via his ex parte motion, we find no imperfection in the proceedings to have barred plaintiff from having the default judgment rendered in the first Parish Court for the Parish of Jefferson. De *546 fendant through its own negligence and/or inattention permitted a default judgment to he confirmed against it by failing to respond to the petition properly served upon it.
An examination of the pleadings filed in the trial court seeking a new trial do not bring the defendant within the rules for which the law provides for the granting of a new trial. See LSA-C.C.P. Article 1971, et seq. Furthermore, defendant’s application states no facts legally sufficient to exonerate it from negligence for failing to make an appearance in either the transfer- or or transferee court.
Even if the issues raised by defendant in its application for a new trial had merit, which we have concluded is lacking, defendant was confronted with an insuperable obstacle, by reason of which the points hereinabove discussed assume minor importance. Defendant’s belated application for a new trial could not give birth to his contentions had they been meritorious. Personal service having been made upon the defendant through its president, notice of the signing of the default judgment was not required. Therefore, defendant had three days, exclusive of holidays, within which to apply for a new trial. LSA-C.C.P. Article 1974. The trial court was without authority to grant a new trial, after the delay fixed by LSA-C.C.P. Article 1974 had expired. See Rodrigue v. Ziifle, 288 So.2d 630 (La.1974).
For the foregoing reasons, the trial court judgment granting a new trial is vacated and the judgment appealed from is annulled, vacated and set aside and it is now ordered, adjudged and decreed that the judgment of the First Parish Court for the Parish of Jefferson rendered on August 10, 1972 be and is hereby reinstated and is the judgment of this court. Defendant is to pay all costs of these proceedings.

REVERSED AND REMANDED.

BOUTALL, J,, concurred in result.