361 So.2d 1266 (1978)
C & M PROPERTIES, INC.
v.
Douglas E. WASCOM and Stanley P. Wascom.
No. 12044.
Court of Appeal of Louisiana, First Circuit.
June 12, 1978.
Rehearing Denied August 31, 1978.
Gerard E. Kiefer, Baton Rouge, of counsel for plaintiff-appellee C & M Properties, Inc.
A. S. Easterly, III, Baton Rouge, of counsel for defendant-appellant Douglas E. Wascom.
Before LOTTINGER, EDWARDS and PONDER, JJ.
*1267 PONDER, Judge.
Defendants have appealed from a default judgment for $63,766.32 for breach of a lease.
The issues are the propriety of the overruling of a declinatory exception to the venue and the sufficiency of proof.
We reverse and remand.
Defendants, both then residents of Livingston Parish, leased a farm in East Baton Rouge Parish of about 600 acres from plaintiff. The agreement provided for prepaid minimum rentals of $6,000 for 1974, $9,000 for 1975 and $12,000 for 1976. Lessees were to pay a portion of the proceeds from the sale of the corn, milo, soy beans and wheat produced, with credit for the minimum prepaid rental. Lessor had the option to cancel the lease at the end of any calendar year if the rental for that year did not reach $32,000.00.
Alleging various breaches of the lease, plaintiff prayed for an accounting and for lost rental income of $62,773.46 and $1,002.76 for diesel fuel used.
Defendants excepted to the venue of the Nineteenth Judicial District Court, alleging that one defendant was a resident of Mississippi and the other a resident of Livingston Parish. The court overruled the exception. Thereafter a preliminary default was entered and a default judgment confirmed on testimony that defendants had paid only $33,226.54 for the three years.
LSA-C.C.P. Art. 42 states in pertinent part:
"The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence;

* * * * * *
(5) * * * A nonresident who has not appointed an agent for the service of process in the manner provided by law, other than a foreign or alien insurer, shall be brought in a parish where the process may be, and subsequently is, served on the defendant; * * *"
Plaintiff argues that venue is proper in East Baton Rouge Parish under LSA-C. CP. Art. 74 [1] since he can suffer delictual as well as contractual damages as a result of a breach of contract.
Delictual damages may result from breach of a contract, but to take advantage of Art. 74, plaintiff must state a cause of action for an offense or quasi offense. Clement v. Redi-Bilt Corp., La.App., 249 So.2d 607 (4th Cir., 1971); Richardson v. Moore, La.App., 304 So.2d 425 (1st Cir., 1973). In Clement allegations of "unsatisfactory workmanship" were held not to be sufficient to sustain venue under LSA-C. CP. Art. 74. In Richardson specific allegations of negligent maintenance were held to state a cause of action in tort as well as contract for purposes of venue.
Here, plaintiff's petition fails to state a cause of action for an offense or quasi offense so as to bring it within the scope of LSA-C.C.P. Art. 74.
Plaintiff's contention that the defendant who was a resident of Mississippi could be sued in East Baton Rouge even though he was served in Livingston is contrary to LSA-C.C.P. Art. 42(5) quoted above.
While we seriously doubt that plaintiff carried its burden of proof in confirming this default, we pretermit any decision on the merits of this case in view of the above holding.
For these reasons, the judgment in favor of C & M Properties, Inc., and against Douglas E. Wascom and Stanley P. Wascom is annulled and the case is remanded with instructions to transfer to the court having venue. Plaintiff-appellee is cast with the costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] LSA-C.C.P. Art. 74 states:

"An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. * * *"