382 So.2d 1044 (1980)
Patrick HENNESSY, Plaintiff-Appellant,
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY, Defendant-Appellee.
No. 14098.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1980.
Michael G. Latimer, Bossier City, for plaintiff-appellant.
Tucker, Martin, Holder, Jeter & Jackson by T. Haller Jackson, Jr., Shreveport, for defendant-appellee.
Before MARVIN, JONES and McCLENDON, JJ.
MARVIN, Judge.
The plaintiff attorney sued for damages for the failure of the telephone company to list his office number in the 1979 yellow pages of the directory. His action was dismissed without prejudice on an exception of improper venue and he appeals.
Plaintiff sued in the parish of his residence (Bossier), although he allegedly contracted with defendant to obtain the listing for his office in Shreveport (Caddo Parish). Shreveport-Bossier listings are contained in one directory.
Plaintiff's essential allegations include:
"Petitioner relied entirely upon the assurances of defendant for his listing . . . *1045 and . . . has been severely damaged by defendant's negligence;
". . . defendant . . . negligently failed to list petitioner . . . [and] did not properly process petitioner's purchased listing and the doctrine of `Res ipsa Loquitur' is applicable;
"That defendant's negligence in failing to provide petitioner with a listing in the yellow pages of the 1979 directory has and will cause petitioner . . . damages . . .. . ."
Plaintiff contends that his action is wholly or partly in tort, making applicable the special venue provisions of CCP 74, and alternatively, that the trial court erred in not transferring the action to a court of proper venue under CCP 121.
Defendant is a foreign corporation which has designated its principal business establishment in New Orleans. CCP 42(4) provides general venue in Orleans Parish. CCP 74 provides that special venue for an action to recover damages for an offense or quasi-offense lies in the parish where the wrongful conduct occurred or in the parish where the damages were sustained. A Comment at 25 Loyola L.R. 367, 375 (1979) states that CCP 74 venue impliedly is restricted to tort actions involving active negligence.
Some breaches of contract may also give rise to tort damages, as in Bunch v. South Central Bell Tel. Co., 356 So.2d 104 (La.App. 1st Cir. 1978), where the defendant inadvertently listed plaintiff's number, but under a competitor's name. See also Loridans v. Southern Bell Telephone & Telegraph Co., 172 So.2d 323 (La.App. 4th Cir. 1965).
CCP 74 limits its venue application to damages resulting from offenses and quasi-offenses. Comments, CCP 74. Allegations of the negligent failure to list a person's name in a directory are simply restatements of a breach of the contractual obligation to list. Marino v. South Central Bell Tel. Co., 376 So.2d 1311 (La.App. 1st Cir. 1979).
Where a person neglects to do what he is obligated under a contract to do (CC 1883, 1926-1934), he has committed a passive breach of the contract (CC 1931-1933). If he negligently performs a contractual obligation, the courts sometimes term this as active negligence as well as an active breach of contract. See Richardson v. Moore, 304 So.2d 425 (La.App. 1st Cir. 1973); Clement v. Redi-Bilt Corporation, 249 So.2d 607 (La.App. 4th Cir. 1971); 25 Loyola L.R. 367 (1979). Clement sought damages for his contractor's failure to repair defects in a home. Richardson sought damages for his contractor's faulty installation of a burglar alarm. The Clement court deemed the failure to perform as passive negligence while the Richardson court deemed the faulty performance as active negligence. CCP 74 venue was allowed in Richardson but not in Clement. Neither case provides guidelines for determining when a breach of contract gives rise to a tort action, but a venue solution based on whether the breach was by an act committed or by an act omitted "is as valid as any other type of determination . . ." 25 Loyola L.R. 367, 375. This analysis should be explicitly made and on a case to case determination. This was the approach taken by the trial court and is the approach taken by us. The unintentional failure of the telephone company to list a person's name in a directory does not give rise to an action in tort. See Marino, supra. CCP 74 venue is not applicable here and we find no error in the sustaining of the declinatory exception.
A trial court may transfer an action in which the declinatory exception of venue either is filed or is noticed, to a proper court with venue even where the plaintiff-respondent does not request transfer. CCP 121, 932. Cousins v. Crest Air Conditioning and Heating, Inc., 332 So.2d 543 (La.App. 4th Cir. 1976), writ refused.
"[T]he court may dismiss the action, or. . . transfer it to a court of proper venue." CCP 121, in part.
We find no abuse of the discretion afforded by these articles under the circumstances shown in this record.
At appellant's cost, judgment is AFFIRMED.