413 So.2d 306 (1982)
Murphy EDMOND, Plaintiff & Appellant,
v.
Fred C. WEBRE, Defendant & Appellee.
No. 8706.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1982.
W. Glenn Soileau, Breaux Bridge, for plaintiff-appellant.
Mouton, Roy, Carmouche, Bivins & Kraft, Ronald J. Judice, Lafayette, for defendant-appellee.
Before CULPEPPER, SWIFT and DOUCET, JJ.
CULPEPPER, Judge.
A lessee sues his lessor for damages for breach of an agricultural lease by allowing a third party to destroy plaintiff's second and third year sugar cane stubble. Suit was filed in St. Martin Parish, in which the lease premises are located. Defendant-appellee filed an exception of improper venue on the grounds that this is solely an action for breach of contract and the only proper venue is defendant's domicile, the Parish of Lafayette. The trial judge sustained the exception. Plaintiff appealed. We reverse.

*307 FACTS
Plaintiff's petition was filed in the district court for the Parish of St. Martin. The substance of the allegations is that in March of 1979 he orally leased from the defendant a 14.5-acre tract of land in St. Martin Parish for the planting of sugar cane, said lease to be for a term of three years, since sugar cane is a three year crop, but that defendant Webre allowed another farmer to go on the land in March of 1980 and advised him that he could plow the tract in question. The petition further alleges that, as a result, plaintiff's sugar cane stubble was destroyed for the second and third years' harvest, causing him pecuniary losses due to damages to his crops and losses on sales of equipment, as well as mental pain and anguish. He seeks judgment for a total of $31,095.
Defendant responded with an exception of improper venue, claiming that he is domiciled in Lafayette Parish and that inasmuch as plaintiff's action was for breach of contract, the suit must be brought in the parish of defendant's domicile under LSA-C.C.P. Article 42.
After a hearing on the exception, the trial court ordered the suit transferred to the district court for Lafayette Parish. Plaintiff's appeal raises the single issue of whether or not the plaintiff's petition alleges damages sustained in St. Martin Parish are of such a nature that suit could properly be brought there, pursuant to LSA-C.C.P. Article 74.
Plaintiff contends that since the petition alleges that he sustained losses as a result of his sugar cane crops being plowed under and destroyed, the wrongful conduct occurred in St. Martin Parish, and the action was properly brought there under Article 74. We agree.
The rules of venue pertinent to the instant case are found in LSA-C.C.P. Articles 42 and 74. Article 42 provides that:
"The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence; ...."
Article 74 reads as follows:
"An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. An action to enjoin the commission of an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or may occur.
As used herein, the words "offense or quasi offense" include a nuisance and a violation of Article 667 of the Civil Code. As amended Acts 1962, No. 92, § 1."
In connection with the venue rules, the Louisiana Supreme Court in Hawthorne Oil & Gas Corporation v. Continental Oil Company, 377 So.2d 285 (La.1979), has stated:
"The general rules of venue provided in art. 42 are subject to exceptions provided in arts. 71 through 83 and otherwise provided by law. Id. art. 43. However, since the exceptions are in derogation of a common right, this court has consistently held that they must be strictly construed and that the party claiming the benefit of an exception must bring itself clearly within the exception. Glover v. Mayer, 209 La. 599, 25 So.2d 242 (1946); Fourth Jefferson Drainage Dist. v. New Orleans, 203 La. 670, 14 So.2d 482 (1943); Tripani v. Meraux, 184 La. 66, 165 So. 453 (1936); King v. Wm. J. Burns Int'l Detective Agency, Inc., 151 La. 211, 91 So. 681 (1922); Smythe v. Home Life & Acc. Ins. Co., 134 La. 368, 64 So. 142 (1914).
* * * * * *
Therefore, unless plaintiffs show that their action comes clearly within one or more of the exceptions provided in La. Code Civ.P. arts. 71 through 83, or otherwise provided by law, the exception of improper venue must be maintained."
Another general rule of venue is that when a conflict exists between the provisions of LSA-C.C.P. Articles 42 and 74, the plaintiff may elect to bring his action in any venue provided by any applicable venue *308 provision. LSA-C.C.P. Article 45, Section (3). See also Greene v. Engolio, 257 So.2d 831 (La.App. 1st Cir. 1972); Albritton v. McDonald, 363 So.2d 925 (La.App. 2d Cir. 1978), writ denied 366 So.2d 561 (1979).
Thus, if plaintiff Edmond's petition clearly states a cause of action in torti.e., damages resulting from an offense or quasi offensehis election to bring suit against the defendant in St. Martin Parish was proper under the provisions of Article 45(3) and Article 74.

CAUSE OF ACTION IN TORT
Defendant-appellee argues that the allegations of plaintiff's petition show only an action for breach of a lease contract between the plaintiff and the defendant, to enforce a personal right against the defendant for the breach and damages alleged to have resulted therefrom, and contains no allegations showing any tortious conduct by the defendant, either intentional or unintentional.
He relies on C & M Properties, Inc. v. Wascom, 361 So.2d 1266 (La.App. 1st Cir. 1978), in support of his contention that the petition shows only that the defendant breached his contractual obligation to recognize the plaintiff's right to continued possession, and thus states only a cause of action for breach of contract. That case, however, involved a suit by a lessor against his lessees solely for various specific breaches of the lease contract, most particularly the failure to pay specified rentals. The court recognized that delictual damages may result from breach of a contract, but held that the plaintiff's petition failed to state a cause of action for an offense or quasi offense required under LSA-C.C.P. Article 74.
The instant case, however, presents a different situation, being a suit by a lessee against his lessor for alleged violation of a lessor's obligation to allow his lessee to continue in peaceful possession. Certainly this is a suit arising from a breach of a contract. However, the jurisprudence is settled that violation of a contract can cause damages ex delicto as well as contractual, and under certain conditions the action may be in tort, or in both contract and tort. Waller & Edmonds v. Cockfield, 111 La. 595, 35 So. 778 (1904); Chronister v. Creole Corporation, 147 So.2d 218 (La.App. 4th Cir. 1962); Clement v. Redi-Bilt Corporation, 249 So.2d 607 (La.App. 4th Cir. 1971).
Thus, the critical question is whether or not the factual allegations here showing breach of contract also give rise to a tort action. As pointed out by the Second Circuit in Hennessy v. South Central Bell Telephone Company, 382 So.2d 1044 (La. App. 2d Cir. 1980), the determination of when a breach of contract gives rise to a tort action for venue purposes should be made on a case by case basis.
The factual allegations of plaintiff's petition show that the wrong alleged here is defendant's failure to recognize plaintiff's right to continued possession of the property. However, this in effect amounts to a claim of wrongful eviction which resulted in damage to plaintiff's property, inasmuch as the defendant allegedly authorized another to take possession of the premises and destroy the plaintiff's crop. The Louisiana Supreme Court stated in Waller & Edmond v. Cockfield, supra:
"There is an obligation in every contract of lease to deliver the property to the lessor at the expiration of the lease, but it is an infringement upon personal rights, protected by law, to require a tenant to vacate before expiration.
* * * * * *
"Manifestly, plaintiffs sustained a loss. Defendant is liable for an illegal act; in other words, a tort or wrong, which is the proximate cause of the loss.
* * * * * *
"The liability is partly contractual and partly ex delicto."
In Chronister v. Creole Corporation, supra, the same argument regarding venue was presented. In that case, the plaintiff-lessee sued his lessor for return of his deposit and for damages due to loss of profit, alleging that the lessor had unlawfully taken *309 possession of the leased premises and placed another tenant therein before expiration of the lease term. The Fourth Circuit held that the trial court properly overruled defendant's exception to Article 74 venue. The court reasoned that, in addition to demanding return of his deposit, the plaintiff had alleged wrongful eviction from the property on which he had a right to be, and prayed for damages resulting therefrom. Thus, the action was ex delicto, as well as contractual, and properly brought in the parish where the wrongful conduct occurred, as provided by LSA-C.C.P. Article 74.
We find that the facts alleged in the plaintiff's petition state a claim for wrongful eviction against the defendant for allowing another to go on the property and authorizing him to plow the plaintiff's crop under. Therefore, based upon the above jurisprudence, the plaintiff's petition states a cause of action for damages for a quasi offense, which brings his action within the Article 74 venue provisions. The wrongful act occurred in St. Martin Parish. Therefore, suit may properly be brought in that parish.
It is irrelevant that the plaintiff made no allegation of either intention or unintentional negligence on the part of the defendant. Fact pleading alone is sufficient. Plaintiff is not required to plead a theory of recovery. See Albritton v. McDonald, supra; Royal Furniture Company of Baton Rouge v. Benton, 260 La. 527, 256 So.2d 614 (1972). Furthermore, it has been held that:
"where a plaintiff has the right to institute an action on two or more claims arising out of one factual circumstance and that where venue is proper as to one claim, the disposition of which would affect the second claim as to which, if standing alone, venue might not be proper, the court has the venue of the action to decide both claims in the interest of efficient judicial administration, and the court therefore should overrule an exception to the venue." Albritton v. McDonald, supra.
See also Smith v. Baton Rouge Bank & Trust Company, 286 So.2d 394 (La.App. 4th Cir. 1973); Klumpp v. Colonial Pipeline Company, 389 So.2d 457 (La.App. 3rd Cir. 1980), certiorari denied, 451 U.S. 910, 101 S.Ct. 1981, 68 L.Ed.2d 299.
For these reasons, we find that the defendant's exception of improper venue was improperly sustained by the trial court.
For the reasons assigned, the judgment of the trial court is hereby reversed and set aside. This case is remanded to the Sixteenth Judicial District Court for the Parish of St. Martin for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the defendant-appellee.
REVERSED AND REMANDED.