MARVIN, Judge.
In this action against a corporate landlord and its principal owner, the plaintiff tenant appeals a judgment dismissing, on an exception of venue, the tenant’s demands to recover her $100 rental deposit, plus damages and attorney fees under R.S. 9:3252, 3253. We affirm the judgment.
The apartment that was rented by the tenant is in West Monroe, whose city court jurisdiction extends through Ward 5 of *134 Ouachita Parish. The defendants are residents of Monroe, which is not in Ward 5 of Ouachita Parish. Plaintiff did not allege or show that defendants resided in Ward 5.
R.S. 9:3251 requires the landlord to return within 30 days after the lease terminates, the deposit made by the tenant or an itemized accounting of and reasons that an amount of the deposit is retained by the landlord. If the landlord willfully fails to make this return, the tenant is given by the statute, the right to recover “damages” and “costs and attorney fees”. §§ 3252, 3253.
Plaintiff contends that her action for the return of the deposit and for damages under the statute is an ex delicto tort action, the venue of which is proper in the territorial jurisdiction of the leased premises and where the refusal to return the deposit was made. CCP 74, 4853 B.
Plaintiff alleged she agreed to pay a $100 “deposit” and pay $140 per month and to sign “the six-month written lease” suggested by defendant’s apartment manager. The written lease was never presented to plaintiff for signing and plaintiff lived in defendant’s apartments for three months, vacating her last apartment and returning the keys on December 1, 1981, after giving timely written notice to the apartment manager of her intent to vacate. Plaintiff also alleged that she requested the apartment manager on December 1 to return her deposit and that through her attorney she made a similar written demand on N.L. Moncrief on December 10, 1981, which was refused by the corporate defendant on and after December 15, 1981.
Plaintiff has not alleged or shown that any tortious conduct of an agent or employee of the alleged corporate landlord occurred in Ward 5 of Ouachita Parish, even should we assume arguendo that the statutory “willful failure to comply” would be deemed to be an intentional tort.[1] She has not alleged or shown that she sustained “damages” in Ward 5 of Ouachita Parish.
C & M Properties, Inc. v. Wascom, 361 So.2d 1266 (La. App. 1st Cir. 1978), which plaintiff cited to the lower court, expressly stated that in order to take advantage of CCP 74 exception to the general rules of venue under CCP 42, a plaintiff must state a cause of action for an offense or quasi offense such as the negligent maintenance of leased premises as was present in Richardson v. Moore, 304 So.2d 425 (La. App. 1st Cir. 1973). CCP 74 is an exception to the general rules of venue and is strictly construed. Richardson, supra; Dupre v. Pelotto, 336 So.2d 329 (La. App. 1st Cir. 1976). Under the circumstances of this record, plaintiff has not alleged or shown any facts that would support application of the CCP 74 exception to establish that the West Monroe City Court is a court of proper venue.
Plaintiff declined the offer of the lower court to transfer her action to the Monroe City Court or to the District Court of Oua-chita Parish. Under these circumstances, and at plaintiff’s cost, the judgment dismissing her action is AFFIRMED.

. R.S. 9:3252 reads:
“The willful failure to comply with R.S. 9:3251 shall give the tenant or lessee the right to recover actual damages or two hundred dollars, whichever is greater, from the landlord or lessor, or from the lessor’s successor in interest. Failure to remit within thirty days after written demand for a refund shall constitute willful failure.